OPINION of the Court, by
Judge Bibb.
— Worley had judgment by default, and damages assessed to £. 12 *264 7 s. upon a covenant to pay £. 10 5s. in good trade, oil or before the 15th of October ensuing the date of the obligation. The defendant, Murlev, moved, in arrest of judgment, that the declaration had charged no special demand, at che usual place of residence of the defendant, and had averred no reason for Rot making a special demand. The judgment was arrested, the plaintiff obtained leave and amended bis declaration, averring that the defendant had no usual place of residence at the date of the covenant, or since ; the defendant pleaded that “ it is not true as stated by the plaintiff, that he, the defendent, had not a known residence,” &c. and of that he put himself on the country, and the said plaintiff likewise.
On covenant to pay property ona daycertain, no fpecial demand is necef-fary to He averred in the declaration -
IiTue whether the defendant had a known refi-dence or not at the ¿¡ate of the covenant or lince, is immaterial.
The defendant fhould have travcrfed the breach alleged in the declaration, by dating his ufual reíidence where, See. and that he was ready then and there to deliver the property, but that neither the plaintiff, nor any one in his behalf came to receive it.
Upon that issue a verdict was found for the defendant ; the plaintiff moved for a new trial, and filed a bill of exceptions to the opinion of the court in overruling the motion, stating the whole of the evidence.
The evidence was certainly sufficient to shew that the defendant was itinerant, and therefore sufficient to sustain the issue on the part of the plaintiff, such as it was : for the issue is immaterial, not to say ludicrous. The defendant has not traversed the breacti of covenant, nor the refusal to keep it as laid in the declaration ; he has not pleaded that he had a known and usual place of residence, stating where, &c. and that he was then and there ready to discharge his covenant, but that neither the plaintiff, or any one on his behalf, came to receive the said property. He has only pleaded negatively, that it is not true that the defendant had not a known residence at the date of the covenant, or that since that time the defendant removed his residence before the bringing of the suit.
The amount of property mentioned in the covenant was payable on a particular day, and the breach in the first declaration was therefore sufficiently assigned, according to the principles decided in the case of Grant vs. Groshon (a). The errors in arrest of judgment were insufficient.
Upon the error assigned, to wit, that the court erred in refusing a new trial, the judgment must be reversed, and the cause remanded to the said court for new proceedings to be had. These proceedings should commence at the first error.
*265 It is therefore considered by the court that the said judgment be reversed, and it is set aside and annulled ; the proceedings subsequent to the finding of the damages by the inquest are also set aside ; the cause is re manded to the said circuit court, with directions to that court to pronounce judgment in favor of the plaintiff icr the damages by the jurors assessed, and costs.

 Har. 83, and cafes cited.