## Lackey *vs* Lackey.

### ERROR TO THE GARRARD CIRCUIT.

*Inquisition of Lunacy.    Limitation.    Unsound. mind.*

JUDGE SIMPSON delivered the opinion of the Court.—Judge Breck did
not sit in this case.

CHANCERY.

*Case 27.*

*December* 21.

As persons *non compos mentis* are not within the ope-
ration of the statute of limitations, the plaintiff in error
is not barred in the prosecution of his writ of error in
this case, to the proceedings in 1841, by which he was
adjudged to be of unsound mind, and his estate placed
under the control of a committee.   Persons of non-sane
mind are allowed two years next after the removal of
their disability, to prosecute a writ of error, notwith-
standing three years may have elapsed after the judg-
ment or final decree was obtained.   It does not appear
that the disability of the plaintiff in error has yet been
removed, and consequently the statute cannot be reli-
ed upon as a bar.

Persons *non compos mentis* are
not affected by
the statutes of
limitation, until
two years after
the disability is
removed.

We do not, however, consider the objections made
to the proceedings by which he was found a lunatic,
substantial or available.   The proceeding was com-
menced by bill in chancery.   The defendant was brought
into Court, and counsel appointed to superinted the in-
quest on his behalf, and see that no injustice was done
him.   The bill was not supported by affidavit—no no-
tice was given to the defendant, that an application
would be made for a writ of idiocy, nor did any issue.

When a defend-
ant in an inqui-
sition of lunacy
is brought into
Court, and the
inquisition held;
in open Court,
there is no neces-
sity for either
*notice* or writ.—
The Chancellor
is the protector
of persons of un-
sound mind, and
it will be pre-
sumed that he
has done his du-
ty.

Had the complainant made application to the Court
for a writ in the absence of the defendant, it should not
have been allowed, unless the Court was satisfied, by
affidavit or otherwise, of the propriety of issuing it,
and that the party had due and legal notice of the ap-
plication.   Where, however, the defendant is brought
into Court, and the inquest held in open Court, neither
notice or writ is necessary.   Persons of unsound mind
are under the protective care of the Chancellor, whose

duty it is to watch over and guard their interest scrupulously. Being in Court, the presumption is, this duty was discharged, and the Court satisfied of the propriety of holding an inquest, without any affidavit setting forth facts to authorize the proceeding.

Nor is it necessary, when an inquest is held in open Court, that the finding of the jury should be under their hands and seals. When a writ of idiocy issues, and the Sheriff holds the inquest in the country, it is necessary that the inquest should be signed and sealed by the jurors, and returned to the Court. This requisition of the law has no application to inquests held in open Court, where the whole proceeding is under the supervision of the Court, and the inquest is entered upon, and becomes part of the record.

*It is only in cases where inquisitions of lunacy are held in the country, that it is necessary for the inquisition to be returned under the hands and seals of the jury.*

The sufficiency of the inquest, to authorize the appointment of a committee, and take the defendant's estate out of his own hands, is questioned. The jury found the defendant to be neither an idiot or lunatic, but mentally and physically incapable of managing himself and his affairs with prudence and discretion, by reason of disease and old age. The sufficiency of the inquest in this case, to authorize the subsequent proceedings by the Chancellor, is established by the doctrine recognized in the case of *Naylor* vs *Naylor*, (4 *Dana*, 339.)

*Although the inquisition find the defendant to be neither an idiot or a lunatic, but only that he is mentally and physically incapable of managing himself and his affairs, by reason of disease and old age, yet the Chancellor has power to appoint a committee.—— Naylor vs Naylor, (4 Dana, 339.)*

We are of opinion, however, injustice has been done the plaintiff in error, in the settlement of the accounts of the committee. The note to S. Miller for thirty dollars, and the account to the same individual for the same amount, both of which are allowed as credits in the settlement, are evidently for the same demand. The note of forty five dollars to Spilman and McMurtry, is, in our opinion, also improperly allowed as a credit. If given for a demand against William Lackey, which does not very certainly appear, still it must have been for the accounts due the same individuals, which were also taken into the estimate. The item of eighty three dollars, for clothing furnished William Lackey, is likewise improper. The witness proves that the clothing furnished him from the year 1843, until the deposition

was taken in 1846, amounted in the aggregate to that sum. But the clothing furnished each year during that time, is also allowed as a credit in the year it was furnished, so that in reality the claim is twice allowed.

It seems to us, the allowance of seventy five dollars a year to the committee, is too large, taking into consideration the small annual profits arising from the estate, and the fact that an overseer was employed upon high wages, to manage the farm, so that a general superintendence of the business, was all that was required of the committee. We think fifty dollars each year, under the circumstances, a sufficient allowance, and it must be reduced to that sum.

The Court was right in rejecting the claims presented by the committee, settled by him before the period of his appointment. The situation of the parties at the time of payment, did not appear, and it is very probable, from the character of the receipts taken, that the payments were made by William Lackey, through the medium of his brother Gabriel.

Interest should have been allowed upon the item of fifty dollars, the price of the yoke of oxen, but not on the annual allowance to the committee.

Wherefore, the decree of the Court, settling the accounts of the committee, is reversed, and cause remanded, thal the accounts may be settled, and decree rendered as herein indicated.

*Turner* for plaintiff; *Caperton and Dunlap* for defendant.