Waddle v. Dumas.

## WADDLE v. DUMAS.

1. Neither appeal or *certiorari* will lie from the judgment of a justice of the peace, to the county court, in a suit founded upon a *tort*, when the damages claimed do not exceed $20. The "superior" court spoken of in the statute, to which the appeal is to be taken, is the circuit court.

Error to the County Court of Fayette.

THE defendant in error brought a suit before a justice of of the peace of Fayette county, against the plaintiff in error, to recover damages for false imprisonment. The damages claimed were less than $20. This suit was brought in the year 1844. The justice dismissed the suit for want of jurisdiction. An execution for costs was issued against the defendant in error; he petitioned the county court of Fayette and obtained a *certiorari*. The petition set forth the fact of the payment of the cost, and prayed a *supersedeas*, and also a *certiorari*, to bring up the judgment. Upon the return of the *certiorari*, the plaintiff in error moved to dismiss it, which motion was overruled, and the county court took jurisdiction of the suit, and rendered a judgment in favor of the defendant in error, for ten dollars. It is here assigned for error, that the motion to dismiss the *certiorari* should have been granted.

COGGIN, for plaintiff in error, cited Bobo and Johnson v. Thompson, 3 S. & P. 385; Wheelock v. Wright, 4 Id. 163.

P. MARTIN, contra.

DARGAN, J.—By the act of 1841, jurisdiction was given to justices of the peace, to try all causes for damages, whether the same resulted from contract or tort, (except in cases of slander,) where the damages claimed do not exceed twenty

dollars; and by the proviso to the act, either party could appeal from the judgment of the justice to the next superior court of the county.

Before this statute, a justice of the peace could not entertain jurisdiction of a suit founded on a tort. By this statute jurisdiction is given, when the damages do not exceed twenty dollars. But we think the right to appeal to the next superior court of the county, means the circuit, and not the county court, and therefore the power to revise the judgments of justices in suits for torts, does not belong to the county courts, but is confined to the circuit courts. It will follow, that if the defendant in error could not have appealed to the county court, he could not bring the case before that court by *certiorari*. The county court therefore, had no jurisdiction to try this case, brought before it by *certiorari*, and consequently should have dismissed the writ. The judgment of the county court is therefore reversed, and judgment will be here rendered, dismissing the writ of *certiorari*.