## WINN vs. FREELE.

1. A *certiorari* from the County Court does not lie to review the judgment of a Justice of the Peace, in a proceeding instituted under the Act of 1841, (Clay's Dig. p. 358, § 3,) to recover damages, where the amount claimed does not exceed twenty dollars.
2. Consent of parties cannot confer jurisdiction, when the law excludes it.

ERROR to the County Court of Tallapoosa.

Winn v. Freele.

FALKNER, for plaintiff in error.

LEFTWICH, *contra.*

CHILTON, J.—The petition for the writ of *certiorari,* which was exhibited in this case to the county judge, sets forth that this was *an action of damages* brought by the defendant in error, who was plaintiff, and that the justice gave judgment against the petitioner for the cost, &c.    The proceeding must have been under the act of 1841, (Clay's Dig. 358, § 3,) which extends the jurisdiction of justices of the peace to all cases of damages, (except actions of slander) when the amount claimed does not exceed twenty dollars ; for until the passage of that act, justices of the peace had no jurisdiction in such cases.—Cavender v. Funderburg, 9 Por. 460 ; Williams v. Hinton, 1 Ala. 297.    The act of 1841, according to the construction placed upon it by this court (in Waddle v. Dumas, 13 Ala. 412,) allows an appeal in such cases only to the *Circuit* Court, and not to the County Court.    It follows therefore, that the County Court had no jurisdiction of the case before us.

It is insisted however, by the counsel for the defendant in error, that the objection to the jurisdiction must be considered as waived, because the plaintiff in error submitted without raising such objection in the court below.    This position would be right, if the County Court had appellate jurisdiction of the subject matter, but the law gives that court none, and the consent of parties cannot confer it in a matter which the law excludes.—Wyatt et al. v. Judge, et al. 7 Por. 37 ; 8 Por. 554 ; 3 McCord, 280 ; 1 N. & M. 192 ; 1 Bibb 263 ; Bouv. L. Dic. tit. Jurisdiction. It results that the judgment of the County Court must be set aside, and judgment here rendered dismissing the *certiorari.*