No. 10,505.

NYCE v. HAMILTON.

</div>

INSANITY.— *Inquest of.*— *Guardianship.*— *Jurisdiction.*— *Notice.*— Where, in proceedings to ascertain one's insanity, with a view to guardianship, under sections 2545–2547, the subject is produced in court and is present during the trial, the proceedings being in all respects according to the statute, the court has jurisdiction, no other notice to him being necessary.

From the Decatur Circuit Court.

*W. A. Moore, B. F. Bennett, J. D. Miller* and *F. E. Gavin,* for appellant.

*C. Ewing, J. K. Ewing* and *C. Ewing, Jr.,* for appellee.

ZOLLARS, J.—This proceeding was instituted under sections 2545, 2546 and 2547, R. S. 1881, to have the appellant declared a person of unsound mind, and a guardian appointed for him. On the 28th day of November, 1881, the following written statement by appellee was filed in the court below, viz.:

"STATE OF INDIANA, COUNTY OF DECATUR.

"In the Decatur Circuit Court.

"The undersigned, citizen of this county, would represent that William M. Nyce is an inhabitant of this county, aged twenty-eight years, and is a person of unsound mind, and incapable of managing his own estate, and that said Nyce is here personally in open court, and the petitioner asks that an inquest be had as to the sanity of said Nyce.

"Respectfully submitted,

"ORLANDO HAMILTON.

"Subscribed and sworn to November 28th, 1881.

"E. F. DYER, Clerk."

To this statement the clerk filed an answer of general denial, as required by the statute. The record states that the cause being at issue, and the said William M. Nyce being in open court, a jury was empanelled and sworn to try the cause; that having heard the evidence, without leaving the box, the jury returned a verdict that the said William M. Nyce was a person of unsound mind and incapable of managing his estate. Upon the return of this verdict, appellant was adjudged a person of unsound mind, a guardian was appointed for him, who gave bond and qualified as such.

Appellant filed no motion for a new trial, nor did he object to the proceedings in any way until he filed the record in this court in November, 1882. The objection now urged and discussed by his counsel is, that no notice was issued and served upon him previous to the trial below; that because no such notice was issued and served, the court below did not acquire jurisdiction, and the judgment should, therefore, be reversed.

The statute provides that upon the proper written statement being filed, "such court shall cause such person to be pro-

duced in court, and shall cause an issue to be made by the clerk of such court, denying the facts set forth in such statement; which issue shall be tried by a jury, to be empanelled under the direction of said court." Section 2545.

If in this case appellant had been thus " produced in court," it could not be said, with reason, that additional notice would have been required to give the court jurisdiction. This mode of acquiring jurisdiction over the person is fixed by the lawmaking power, and we know of no reason why it is not sufficient, or upon what ground it can be claimed that the Legislature has no authority to prescribe it.

Upon a fair interpretation of the record, it shows that from the time of the filing of the written statement by appellee until the return of the verdict, the judgment thereon, and the appointment of a guardian, appellant was in open court in attendance upon the proceedings.

Being thus present, it is immaterial, as it seems to us, whether he was produced by order of the court, by appellee, or appeared voluntarily. In either event, he would have the same opportunity to defend and protect his rights. See *Hutts* v. *Hutts*, 62 Ind. 214. If the proceedings had taken place in his absence, without any kind of notice, a different question would be presented, which we need not and do not decide in this appeal.

It will not be necessary for us to go into a review of all the cases cited by the learned counsel for appellant.

We may say of them generally, that they are decisions under a state of facts different from the case under consideration, or under statutes requiring a certain fixed notice. In the case of *Dutcher* v. *Hill*, 29 Mo. 272, the person alleged to be of unsound mind had no notice and was not present in court. The ruling of the court was, that he should have had notice, or be in court, as required by the statute.

The case of *Shumway* v. *Shumway*, 2 Vt. 339, was decided under a statute which required notice to be given to the alleged *non compos*.

Nyce *v.* Hamilton.

In the cases of *Eddy* v. *People, ex rel.,* 15 Ill. 386, and *Chase* v. *Hathaway,* 14 Mass. 222, the persons alleged to be of unsound mind had no notice, and were not present in court. The case of *Morton* v. *Sims,* 64 Ga. 298, arose and was decided under a statute requiring ten days' notice. Counsel cite, as being most directly in point, *Ex parte Whitenack,* 2 Green Ch. N. J. 252. It is patent from the case that the statute of New Jersey upon the subject of such proceedings, was .very materially different from ours. Whitenack having learned, a short time before the hearing, that proceedings were in progress to have him adjudged to be of unsound mind, appeared before the commission. After the finding against him, and before further action by the Chancellor, he made a showing that for want of proper notice he had not had a fair and full hearing, and asked that the proceedings be suspended, and that he might have leave to traverse the inquisition. This was granted him. In this respect it was a case somewhat such as this would have been, had the appellant asked a postponement to prepare for trial, or for a rehearing, upon the ground that for want of sufficient time to prepare for trial he had suffered in his rights. Had these requests, or either of them, been made in the court below, it may be presumed that the proper disposition would have been made of them.

There being no error in the record the judgment is affirmed.

## On Petition for a Rehearing.

Elliott, J.—It appears from the record that the appellant was in open court and remained throughout the investigation, that the clerk filed the answer required by statute, and that a jury was empanelled and the issue tried as the law directs. Even if a notice had been necessary, as the counsel insist, it could have done nothing more than secure the production of the person whose mental condition was the subject of investigation in open court, and this right was fully accorded him, as well as all rights consequent upon it. The whole purpose of a notice was accomplished and no harm re-

sulted. We are bound to presume that the court proceeded in accordance with the law, and that the clerk filed the answer because, the appellant being in court, it was his duty so to do. So that even conceding, but by no means deciding, that a formal service of notice is in any case required, the omission in this could have worked no harm, for appellant was given all that a notice could have secured him. The purpose of the statute is not merely to secure service of notice upon the person alleged to be insane, but to secure his production in open court. It means that the person shall be produced, or some excuse shown for a failure to produce him.

Petition overruled.