### No. 16,054.

### MARTIN *v.* MOTSINGER.

PRACTICE.—*Alleged Errors.—How Brought Into Record.—Motion for New Trial.*—Alleged error in empanelling a jury and in forcing a cause to trial in the appellant's absence, and without notice to her, and in refusing to her time to consult counsel and prepare for trial, must in order to be considered by the Supreme Court be brought into the record by the motion for a new trial, as errors of law occurring at the trial.

INSANITY.—*Proceeding to Establish.—Circuit Court Has Exclusive Jurisdiction.*—The circuit court has exclusive jurisdiction in a proceeding under the statute to have a person adjudged of unsound mind, and incapable of managing her estate, and for the appointment of a guardian of her person and estate.

SAME.—*Notice to Party Unnecessary.—Must. be Appearance for.—What Constitutes a Valid Appearance.—Prosecuting Attorney.*—In such a proceeding the statute does not, in terms, require notice to the party alleged to be of unsound mind, and the proceeding may be regular and valid without the service of any notice upon the party. The proceeding, however, is of such a character that it can not be *ex parte* and be valid. The prosecuting attorney is not authorized by our statutes to represent the party whose soundness of mind is questioned. An appearance by attorney, however, is sufficient, it not being claimed that such appearance was unauthorized. The party can not claim that she was incompetent to employ counsel, because her standing on appeal depends upon the assertion of her mental capacity and ability to transact business. Even if their appearance for her in the circuit court had been unauthorized, it would be binding upon her until set aside.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler* and *C. L. Jewett,* for appellant.

*S. H. Mitchell* and *R. B. Mitchell,* for appellee.

McBRIDE, J.—This was a proceeding under the statute to have the appellant adjudged a person of unsound mind, and incapable of managing her estate, and for the appointment of a guardian of her person and estate. No notice was issued or served upon her of the pendency of the proceeding, and she was not present in court at any time. The statement was filed December 2d, 1890, and on the 15th day of December,

1890, the clerk filed an answer in proper form, as required by statute. On the same day the cause was called for trial, whereupon the attorneys who represent the appellant in this court appeared in her behalf, and with them also appeared the prosecuting attorney by his deputy. They objected to proceeding in the cause, for the reason that she had not been personally notified of the proceeding, or served with process, and had had no time for consultation with her attorneys. The court withheld its ruling upon the objection, and caused a jury to be empanelled and sworn to try the cause, and then required the petitioner to submit proof showing why the appellant was not produced in court. To this end witnesses were called and examined, and the court, upon their testimony, found that she could not be produced in court by reason of physical infirmities and extreme old age. The objection to proceeding was overruled, and duly excepted to, and the trial proceeded.

The jury found that she was of unsound mind, and incapable of managing her estate. A motion for a new trial was overruled, and the court rendered judgment on the verdict, and appointed a guardian.

The errors assigned are:

1st. Empanelling a jury to try the cause over the objection made by appellant's counsel.

2d. Forcing the cause to trial in appellant's absence, and without notice to her, and in refusing to her time to consult counsel and prepare for trial.

3d. Overruling motion for a new trial.

4th. The court had no jurisdiction of the person of the appellant.

5th. The court had no jurisdiction over the subject-matter of the proceeding.

The first and second errors are not well assigned. If the court erred, as indicated, the question should have been brought into the record by the motion for a new trial, as errors of law occurring at the trial, etc.

Martin *v.* Motsinger.

It is due to the lower court that errors of the character alleged be pointed out there, and opportunity be given it to correct its own errors. *State, ex rel.,* v. *Swartz,* 9 Ind. 221.

The fifth alleged error may be disposed of with brief mention. The subject-matter of the proceeding was the question of the appellant's mental unsoundness, and her capacity to manage her estate. Of cases of this character the circuit court has exclusive jurisdiction. Jurisdiction of the subject-matter does not mean jurisdiction of the given case, but of the class of cases to which it belongs.

The court plainly had jurisdiction of the subject-matter of the proceeding.

Had the court jurisdiction of the person of the appellant and of the case? Jurisdictional questions thus raised must be determined from the face of the record. Works Pr. and Pl., section 1085.

The appellant insists that jurisdiction of her person could only be acquired by notice, and the record, showing affirmatively that there was no notice, affirmatively shows want of jurisdiction. The statute providing for proceedings of this character does not, in terms, require notice, and the proceedings may be regular, and valid, without the service of any notice upon the party. *Hutts* v. *Hutts,* 62 Ind. 214; *Nyce* *Hamilton,* 90 Ind. 417.

The statute provides that when a sufficient statement has been filed relating to an inhabitant of the county, the court "shall cause such person to be produced in court." Section 2545, R. S. 1881. It is, however, provided by section 2547, R. S. 1881, that, "If the court shall be satisfied that such person, alleged to be of unsound mind, can not without injury to his health, be produced in court, such personal appearance may be dispensed with." Of the requirement for the production of the party in court, this court, in the case of *Fiscus* v. *Turner,* 125 Ind. 46, said: "We think the object sought to be attained by the enactment of this section was the prevention of frauds in procuring verdicts and judgments of in-

Martin *v.* Motsinger.

sanity without an actual opportunity to the defendant of being heard. For this reason the law requires that the party charged with being insane shall, if possible, be produced in open court in order that he may hear and have actual knowledge of what is being done, and may meet the witnesses face to face. As the party charged in such a case may be deprived of his property and of his liberty, it was doubtless thought by the Legislature that it was as important that he should be actually present as it would be if he were charged with a criminal offence."

Being present, it is immaterial whether he was or was not served with notice, or was produced by order of the court, or by the party filing the statement, or appeared voluntarily, as in either event he would have the same opportunity to defend and protect his rights. *Nyce* v. *Hamilton, supra.* The service of notice could have accomplished no more.

But, while this is true, and while there may be a valid inquest and judgment in such cases without notice, when the party is present, it is otherwise when he is not present and is not represented by some one authorized to appear for him. While the statute does not in terms provide for notice, the proceedings are of such a character that they can not be *ex parte* and be valid. If the statute was to be construed as authorizing proceedings of an *ex parte* character, it would be, to that extent, in conflict with the Constitution of the United States, and void.

The proceeding, if successful, results in the deprivation of both liberty and property. The guardian, when appointed, is guardian of both person and estate, and, under the Constitution, no man can be deprived of either liberty or property without due process of law. He is entitled to his day in court.

When he is actually brought in, or voluntarily appears, he has the right guaranteed him by the Constitution. If, however, he is not brought in, and the court, after an *ex parte* hearing, and without notice to him of any character, and

without his knowledge, proceeds to hear and determine the matter, it can not be said that he has had his day in court. When such a fact is disclosed by appeal, and not by way of collateral attack on the proceedings, they can not stand. In the case at bar the appellant was not present, and no notice to her was issued or served. How was she affected, if at all, by the action of the attorneys who assumed to represent her, or the deputy prosecuting attorney who, in his official capacity, assumed the right to appear in her behalf?

So far as the prosecuting attorney is concerned, we know of no statute making it his duty to appear in such cases, or authorizing his appearance. Section 5864, R. S. 1881, prescribing the duties of the prosecuting attorney, provides that he shall " protect the interests of all persons of unsound mind."

This would doubtless make it his duty to protect the interests of a person after he had been adjudged of unsound mind, and, possibly, in a proper case, of one in fact of unsound mind where there had been no adjudication of mental unsoundness.

In cases of this character the question to be tried is whether or not the party is of unsound mind.

We think it would be an unwarranted construction of the statute in question to hold that it requires that officer, not only to protect the interests of those who are of unsound mind, but to interpose in inquests the sole purpose of which is to determine the fact of mental unsoundness.

We think, therefore, that she was not affected or bound by the act of the prosecuting attorney in assuming as such to appear for her. The appearance for her by the other attorneys presents a very different question.

In our opinion a party may not only waive notice in such cases by a personal appearance, but may appear by attorney. The appellant can not insist that she was incompetent to employ counsel, because her standing on this appeal depends upon the assertion of her mental capacity and ability to

transact business. It is not claimed in this appeal that their appearance for her was unauthorized. They not only continued to represent her in the circuit court, but represent her here. Even if their appearance for her in the circuit court had been unauthorized, it would be binding upon her until set aside. *Bush* v. *Bush,* 46 Ind. 70 (83). It was not a special, but a full appearance. It is not repudiated as unauthorized, but is in effect ratified by their continued representation of her interest. The record shows complete jurisdiction of the person of the appellant and of the case.

Three reasons were assigned for a new trial:

1st. That the verdict is not sustained by sufficient evidence.

While the evidence was conflicting, there was much evidence tending to support the verdict, and it can not be disturbed upon that ground.

2d. That the court erred in giving certain instructions.

We do not think it necessary to copy or comment upon the instructions given. There was no error in giving them for which the cause should be reversed.

The third reason assigned for a new trial is that the court erred in permitting counsel in the closing argument to the jury to criticise and call in question the veracity and good faith of a certain witness.

We are unable to see, in the remarks used by counsel, any thing impugning either the veracity or good faith of the witness in question. There is certainly nothing in the remarks complained of sufficient to justify a reversal of the cause.

Whatever may be the real merits of the controversy, as the record comes to us it discloses no error that will avail the appellant.

Judgment affirmed.

Filed March 8, 1892.