STATE OF MISSOURI, ex rel., SAM POLLARD, Respondent, v. J. M. BRASHER, Probate Judge, Appellant.

Springfield Court of Appeals, March 11, 1918.

1. **INSANE PERSONS: Inquisition: Notice: Arrest.** Where one was arrested on charge of insanity by order of a probate court, and brought before the court, tried, and found insane, such arrest and bringing before the court was the equivalent of the notice required by Revised Statutes 1909, section 476.

2. ———: ———: **Appearance: Recital of.** Although there was no recital in the judgment that the alleged insane person was present at the inquisition, the sheriff's return to that effect is of equal dignity and force, particularly where his presence is admitted, but is alleged not voluntary.

3. ——: ——: **Opportunity to be Heard: Presumption.** Where it is shown that a person is brought before the probate court on charge of insanity for the purpose of an inquest, the presumption is indulged that accused was afforded opportunity to be heard, and that all necessary steps and findings to support judgment were made, until contrary is proven.

4. **CERTIORARI: Review: Scope and Extent.** Proceedings in *certiorari* bring up the record only, and matters not appearing therein cannot be considered or made grounds for quashing such record.

5. **PROBATE COURTS: Jurisdiction: Presumption.** Probate courts are courts of general jurisdiction in inquisitions of insanity and in rendering judgment is presumed to have proceeded in due course of law and to have taken all steps and found all facts necessary to uphold its jurisdiction unless the contrary is shown.

6. **INSANE PERSONS: Inquisition: Information: Informant: Qualification.** That an information in lunacy proceedings be made by one of kin to or interested in the estate of accused is not required by Revised Statutes 1909, section 474, and it will be presumed that the court found informant entitled to institute the proceedings.

7. ——: ——: ——: ——: **Public Officer.** One shown by the record to be a public administrator of the county, and by Revised Statutes 1909, section 299, also a public guardian, and by section 302 required to look after personal estates of insane persons, is qualified to be an informant in lunacy proceedings.

8. ——: ——: ——: **Verification.** While Revised Statutes 1909, section 474, as amended by Laws 1917, p. 102, requires an information in lunacy to be sworn to, such was not the case previous to such amendment.

9. ——: ——: **Jurisdiction: Property.** The proviso added to Revised Statutes 1909, section 474, by Laws 1903, p. 200, making jurisdiction of probate court in insanity proceedings depend on accused owning an estate, is not constitutional, and lack of such allegation is immaterial.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED.

*N. C. Hawkins* and *Ward & Reeves* for appellant.

*J. R. Brewer* and *J. E. Duncan* for respondent.

STATEMENT. On March 6, 1917, the public administrator of Pemiscot County filed in the probate court an information asking that inquiry be made as to the soundness of mind and the capacity of Sam Pollard of that county to manage his affairs. On the same day the judge of the probate court issued an order or warrant to the sheriff directing him "to take the said Sam Pollard and him safe keep until the probate court of said county shall convene to inquire into the sanity of said Pollard." The sheriff made return on this order as follows: "Caruthersville, Mo., March 7, 1917. Executed by having the body of the within named Sam Pollard before J. M. Brasher, Judge of the Probate Court of Pemiscot County, Missouri, as directed." On March 7th, a jury was summoned and a trial had, and the jury returned their verdict: "We, the jury, find that Sam Pollard is a person of unsound mind and incapable of managing his affairs." Upon this verdict judgment was rendered as follows: "It is thereupon considered, ordered and adjudged by the court that Sam Pollard is of unsound mind, and incapable of managing his affairs; it is further ordered that Jas. J. Long, public administrator and ex-officio public guardian, be and he is hereby appointed guardian and curator of the person and the estate of said Sam Pollard, under his official bond as public administrator." On March 22, 1917, Sam Pollard filed in the circuit court a petition praying for a writ of *certiorari* with the object of having the judgment of the probate therein quashed and set aside for the following reasons: (1) "Because no notice was given or served upon the relator of such proceedings, and that he did not *voluntarily* appear to the proceedings in said court. (2) That the alleged information upon which said lunacy proceedings were based was made by one Jas. J. Long, who was not of kin or related to relator, nor was he interested in any manner in the estate, nor was said Long at said time an officer whose duty it was to file said information. (3) That the information was not sworn to. (4) That said information failed to state that the

relator was possessed of an estate or property." The writ of *certiorari* was ordered issued returnable on April 7th. On March 26th, the judge of the probate court appeared in open court; waived issue and service of the writ of *certiorari,* and filed a certified copy of all papers and proceedings in the probate court relative to the proceedings in question. On April 13th the circuit court rendered judgment quashing the probate judgment and proceedings on the ground that the probate court had not acquired jurisdiction over the person of Sam Pollard. From this order and judgment quashing the probate judgment and proceedings, the judge of the probate court appealed.

## OPINION.

STURGIS, P. J.—The statute under which the probate court proceeds in adjudications of insanity expressly provides that the alleged insane person shall be notified of the proceedings *unless the probate court order such person to be brought before it.* [Sec. 476, R. S. 1909.] The concluding clause of that section purports to authorize the adjudication without notice to the alleged insane party *or* requiring his attendance, provided the court spreads on its records the reason why notice or attendance is not required. This last provision was held unconstitutional by our Supreme Court in Hunt v. Searcy, 167 Mo. 158, 67 S. W. 206, as being violative of the constitutional provision forbidding any person being deprived of his liberty or property without due process of law, which necessarily includes notice and opportunity to be heard. As we read that decision, however, it does not hold unconstitutional the provision dispensing with notice when the court causes such party to be brought before it at the hearing. The case just cited involved a proceeding which was commenced under the statute of 1835 which provided that the court "shall cause the person alleged to be insane to be brought before the court;" but when the trial was had the statute of 1845 was in force providing

no more than that "the court may *in its discretion* cause the person alleged to be of unsound mind to be brought before the court." Nothing whatever was said in the statute about notice and none was required unless the bringing of the party before the court was itself notice or its equivalent. This continued to be the law until 1879 when the present statute was enacted. Speaking of the record by which the person was adjudged insane in the Hunt case under the statute of 1845, the Supreme Court said, l. c. 183, it "not only wholly fails to show he was notified in any way of that proceeding and that no reason was spread on the record for not bringing his body before the court, but it also fails to show that after qualifying the guardian did anything whatever." The court, however, there said, l. c. p. 176: "It must also be borne in mind that the statutes of 1835 required *notice,* that is, required the person to be brought into court."

Likewise in the case of Bank v. Shanklin, 174 Mo. App. 639, 161 S. W. 341, the court held an insanity adjudication void where the record of such proceeding showed that the alleged insane person was neither notified of, nor brought before the court at, such proceeding. The court in no wise holds that the bringing of such party before the court would not constitute a sufficient notice or that the clause of the statute so providing is unconsitutional in not affording due process of law. State ex rel. v. Duncan, 195 Mo. App. 541, 193 S. W. 950, holds no more than that where the alleged insane party is not brought before the court and the court's jurisdiction depends on the party being served with notice, then the valid service of a written notice is jurisdictional. The court in no way holds that bringing the party before the court is not itself notice.

In Crow v. Meyersieck, 88 Mo. 411, the court held that the notice given was void and in itself showed want of jurisdiction; but the court further held that a recital in the record that the alleged lunatic was present at the hearing (not merely as a witness as in Bank v. Shanklin, supra, in a proceeding to have his restora-

tion to sound mind declared nor in the capacity of objecting to the jurisdiction) is sufficient notice to confer jurisdiction on the probate court and make the adjudication valid.

The holding of our courts that an adjudication of insanity, without giving the person notice of the proceeding so as to give him an opportunity to be heard, is void as not being due process of law, is in accordance with the current of authority on that subject as shown in Evans v. Johnson, 23 L. R. A. 737, and cases cited both in the opinion and in the editorial note. All the cases dwell on the necessity of notice in such proceedings but no one would interpret such cases as meaning that such notice might not be waived nor should they be taken as holding that notice means only a formal or even an informal writing giving the time, place and purpose of the inquiry, served upon the person to be affected, or verbal notice of like character. In the West Virginia case, supra, the court said in speaking of the necessity of notice in such proceedings that "almost as well might we convict a man of crime without notice." Yet, the only notice given in criminal cases is the arrest and bringing the party before the court. It is usual in criminal cases that a warrant for the arrest states the nature of the proceeding and the court taking cognizance thereof; and so did the warrant in this case recite that: "Whereas, a statement in writing has been presented to the probate court of Pemiscot County, Missouri, by Jas. J. Long, Public Administrator and a citizen of Pemiscot County, Missouri, stating that one Sam Pollard, is insane and incapable of managing his affairs. These are therefore to command you to take the said Sam Pollard and him safely keep until the Probate Court shall convene and inquire into the sanity of said Sam Pollard."

All the cases we have been able to find where this point is discussed hold that the compliance with the statute requiring the alleged insane party to be brought into court under court process as a party to the proceeding, is valid and affords sufficient notice. In fact

the statute of most of the States provide for notice by bringing the party into court. In Re Lambert (Cal.), 55 L. R. A. 856, while holding that a proceeding for adjudging a person insane, based on a statute without any provision for notice to the alleged insane person, is void as depriving such person of his liberty and property without due process of law, the court said: ''The case before us does not involve the right of the State to provide for the summary arrest of a person against whom a charge of insanity is made, and his temporary detention until the truth of the charge can be investigated. Such arrest would itself be a notice to him of the charge, under which he would be afforded an opportunity for a hearing thereon.'' The Supreme Court of Indiana in Nyce v. Hamilton, 90 Ind. 417, 418, said: ''The statute provides that under the proper written statement being filed, such court shall cause such person to be produced in court, and shall cause an issue to be made by the clerk of such court, denying the facts set forth in such statement; which issue shall be tried by a jury, to be empanelled under the direction of said court. If in this case appellant had been thus 'produced in court,' it could not be said, with reason, that additional notice would have been required to give the court jurisdiction. This mode of acquiring jurisdiction over the person is fixed by the law making power, and we know no reason why it is not sufficient, or upon what ground it can be claimed that the Legislature has no authority to prescribe it.'' This holding is followed by the same court in Martin v. Motsinger, 130 Ind. 555, 30 N. E. 523, where this is stated: ''But, while this is true, and while there may be a valid inquest and judgment in such cases, without notice, when the party is present, it is otherwise when he is not present, and is not represented by someone authorized to appear for him. . . . He is entitled to his day in court. When he is actually brought in, or voluntarily appears, he has the right guaranteed to him by the Constitution. If, however, he is not brought in, and the court, after an *ex parte* hearing, and without notice to

him of any character, and without his knowledge, proceeds to hear and determine the matter, it cannot be said that he has had his day in court.'' In Fore v. Fore, 44 Ala. 478, the court, speaking of a proceeding of lunacy under the statute of that State, states the law thus: ''In this case the requisitions imposed by the State seem to have been very precisely pursued. The writ of arrest of the lunatic, or the alleged incompetent, was duly served upon him. This completed the jurisdiction of the judge of probate, and brought the defendant into court; no other notice is required by the statute. . . . No doubt a party is entitled to notice of proceedings against him to have him declared a lunatic, or a person *non compos mentis*. But that is not the condition of this case. Here the party had the notice that the statute prescribes.'' In a later case, Croft v. Simon, 24 Southern 380, a proceeding under this same Alabama statute, providing that the judge shall ''issue a writ directed to the sheriff to take the person alleged to be of unsound mind and if consistent with his health and safety have him present at the trial,'' was attacked because written notice was served on the party but he was not produced in court. The court held that such service of notice would dispense with producing him in court. This case reached the Supreme Court of the U. S. Simon v. Croft, 45 Law Ed. 1165, and was affirmed, the court quoting the Alabama statutes and citing Fore v. Fore, supra, as holding that the service of the writ was all that was required and brought the defendant into court. The court further held that, while the alleged lunatic was not arrested and not produced in court on account of his condition, it would not be inferred that he was prevented from being heard in his own defense. In an early Kentucky case, Lackey v. Lackey, 47 Ky. 107 (8 Ben Monroe) where no notice was given to the alleged insane person the court uses this language: ''Where, however, the defendant is brought into court, and the inquest held in open court, neither notice nor writ is necessary. Persons of unsound mind are under the protective care

of the Chancellor, whose duty it is to watch over and guard their interest scrupulously. Being in court, the presumption is, this duty was discharged, and the court satisfied of the propriety of holding an inquest, without any affidavit setting forth facts to authorize the proceeding.''

If the statute prescribes notice to the alleged lunatic, or other party for him, and does not provide for bringing him into court, then the statute governs and the presence of the party in court will not cure the defect. [Morton v. Sims, 64 Ga. 298.] And the presence in court of the insane party as dispensing with notice applies only when the party proceeded against is brought into court as a party to the proceeding in accordance with the statute and not where he is present merely casually or for another purpose.

That our statute governing this procedure, section 476, Revised Statutes 1909, was fully complied with in this case I think is clear. The order of the court and writ to the sheriff are regular and under the hand and seal of the court, reciting therein the complaint that Sam Pollard is insane and incapable of managing his affairs and commanding the sheriff to take and keep him until the probate court shall convene to inquire into his sanity. The sheriff's return shows that he executed the writ by having the body of Sam Pollard before the judge of the probate court on March 7, 1917. On that day the inquisition was held by a jury and the adjudication was made. This shows that Sam Pollard was brought before the court on the day of the adjudication and that is sufficient. While there is no recital in the judgment that the alleged insane person was present at the inquisition, the sheriff's return to that effect is of equal dignity and force. [Cloud v. Inhabitants of Pierce City, 86 Mo. 357, 367.] Besides the motion to quash the proceeding is not based on the ground that he was not present but that he was not voluntarily present. There can be no inference that he was denied the right to be heard in his own defense, no more than if he had received five days' notice under

sections 476 and 1790, Revised Statutes 1909. [Conway v. Robinson, 178 S. W. 154.] When it is shown that a person is brought before a court on the day the inquest is held on a charge of insanity and for the very purpose of having his sanity inquired into the presumption of right acting is indulged that the court afforded him an opportunity to be heard. . Moreover, probate courts are courts of general jurisdiction in probate matters including the appointment of guardians of persons of unsound mind. In the absence of recitals of record or other competent proof to the contrary, the court must be held to have proceeded in accordance with the law and to have taken all the steps and found all the facts necessary to uphold its judgment. [Johnson v. Beazley, 65 Mo. 250, 256; Henry v. McKerlie, 78 Mo. 416; MeKenzie v. Donnell, 151 Mo. 431, 450, 52 S. W. 214; State ex rel. v. Dickman, 175 Mo. App. 543, 550, 157 S. W. 1012.]

The above cases sufficiently answer the point that it is not shown that the person making the complaint as to Pollard's insanity is of kin or interested in his estate. As said in the last cited case, the statute, section 474, makes no such requirement, but if a mere stranger may not institute the proceeding but only one having an interest in the estate or personal safety of the person proceeded against, we cannot conclude that the informant had no such interest. As held in such case, that is a matter for the probate court, "but that question is not here open to our inquiry." This is a *certiorari* proceeding which brings up the record only of the probate court and the circuit court could only quash the record for errors appearing on such records. The presumption of right acting must be indulged and that includes a finding that the informant was entitled to institute the proceeding. [School District v. Yates, 161 Mo. App. 107, 142 S. W. 791; State ex rel. v. Wooten, 139 Mo. App. 221, 122 S. W. 1101; Conway v. Robinson, 178 S. W. 154.] Besides, it is shown on the face of the records that the informant is the public administrator of the county and by section 299 is also

public guardian and by section 302 he is required to look after the personal estates of insane persons. This clearly qualifies him to be an informant in this kind of a proceeding.

The statute, section 474, now requires the information to be sworn to, Laws 1917, p. 102, but such was not the case when this proceeding was had.

The proviso added to section 474 by Laws 1903, p. 200, making the jurisdiction of the probate court in insanity proceedings depend on the person proceeded against being the owner of an estate, has been declared unconstitutional and the lack of such allegation is not material. [Redmond v. Railroad, 225 Mo. 721, 126 S. W. 159.]

Finding no fatal error in the proceeding in the probate court adjudging Sam Pollard a person of unsound mind the judgment of the circuit court declaring the same void should be and is reversed. *Farrington, J.*, concurs. *Bradley, J.*, files dissenting opinion.