LaFollette *v.* Higgins.

Filed Jan. 12, 1887.

---

No. 12,881.

## LaFollette *v.* Higgins.

|109   241|
|152   555|

Supreme Court.—*Appeal.*—*Motion for New Trial.*—Where the record shows that a motion for a new trial was made and overruled in the lower court, but the record does not disclose that any written causes for a new trial were filed, it will be presumed that no motion, accompanied by specified causes, as required by the statute, was presented to the court below.

Same.—*Motion for New Trial.*—*Assignment of Errors.*—Objections to the finding of the lower court, or to its rulings on the admissibility of testimony, are available only by a motion for a new trial, and can not be presented for the first time by assignment of error in this court.

From the Boone Circuit Court.

*C. S. Wesner* and *H. M. LaFollette,* for appellant.
*R. W. Harrison* and *B. S. Higgins,* for appellee.

MITCHELL, J.—Grant A. LaFollette filed a complaint against John Higgins, in which he charged that the latter, as guardian of the minor heirs of Harvey M. LaFollette, deceased, of whom the complainant was one, had failed, in various specified particulars, to faithfully execute his trust. He asked that the final settlement report theretofore made by the defendant be set aside.

Issue was taken by a general denial; trial by the court; finding and judgment for the defendant below.

A record entry recites that the plaintiff moved the court for a new trial, and that the motion was overruled.

After careful examination of the record, we have failed to discover that any written causes for a new trial were filed. We conclude, therefore, that no motion, accompanied by specified causes, as required by the code, was presented to the court below.

The only errors assigned upon the record here are the following :

" 1. The court erred in overruling appellant's motion for a new trial.

" 2. The court erred in finding for the appellee upon the evidence given in the cause.

" 3. The court erred in sustaining the objection of the appellee to appellant's offer to prove the rate of interest per annum at which money could have been loaned during the years 1868 to 1875, inclusive.

" 4. The court erred in overruling appellee's objection to oral testimony being given to prove contents of record."

The application for a new trial, it is scarcely necessary to say, must be by motion, upon written cause filed at the time of making the motion. Section 562, R. S. 1881; *Secor* v. *Souder*, 95 Ind. 95 ; *Harris* v. *Boone*, 69 Ind. 300.

Since, as we have seen, the record fails to disclose a motion for a new trial, upon causes assigned, as the statute prescribes, the first assignment of error above set out presents no ques-

tion for consideration. *Shover* v. *Jones*, 32 Ind. 141; *Krutz* v. *Craig*, 53 Ind. 561.

The second, third and fourth assignments are, for the reason already given, wholly ineffectual to present any question. If the matters assigned as error had been properly specified as written causes for a new trial, and filed in the court below, with a motion for that purpose, the overruling of such motion, if assigned as error here, would have required an examination of the questions elaborately argued by counsel.

As we find it, the record presents for decision none of the questions discussed. *Kissell* v. *Anderson*, 73 Ind. 485.

It is not claimed that the provisions of the civil code, in respect to motions for a new trial, are not applicable to proceedings such as this.

In the absence of any question, we must presume in favor of the rulings at the hearing below, and, indulging this presumption, the judgment is affirmed, with costs.

Filed Jan. 12, 1887.