## No. 15,225.

### Emison, Trustee, *v.* Shepard, Administrator.

New Trial.—*Motion for.*—*What Must Contain.*—*How Made.*—Under sections 561 and 562, R. S. 1881, it is necessary that a motion for a new trial must be made or presented to the court, and that the cause or reason for the motion shall be reduced to writing and filed at the same time of making the motion, the motion to be entered by the court and the written reasons filed by the clerk. Merely writing out and filing a motion for a new trial is not making an application for a new trial within the meaning of the statute.

From the Knox Circuit Court.

*G. G. Reily*, for appellant.

*J. C. Adams*, for appellee.

Olds, J.—This is an action against the estate of Samuel S. McClure, deceased, for an allowance of a claim for damages resulting to appellant by reason of the alleged negligence of the decedent, as sheriff of Knox county, in failing to levy and collect an execution in favor of appellant against the execution defendants, who it is alleged had sufficient property subject to execution to have satisfied the execution.

Issue was joined and trial had at the March term, 1889, of the Knox Circuit Court, resulting in a finding and judgment for nominal damages in favor of appellant. The finding and judgment was during the March term, and prior to the last day thereof. The record does not show the presentation or making of any motion for a new trial at the same term the cause was tried and determined.

The record shows that on the 13th day of May, the same being the 7th day of the May term, 1889, of said court, the appellant presented a showing that at the March term, at which the cause was tried, he filed a motion for a new trial with the clerk of said court, and that the same was lost, and

he asked leave to substitute such motion. The application to substitute the motion was presented to the court, and, over the objection and exceptions of the defendant, the court found that the appellant filed a motion for a new trial in said cause on the 46th day of the March term, and that the motion was lost; that the substituted motion is a true copy of the lost motion, and ordered and adjudged that the same be substituted, which was done. The action of the court in ordering the substitution is properly saved and presented by a bill of exceptions and assigned as cross-error; and this is properly the first question to be determined in the case, the only error being assigned by the appellant is the overruling of the motion for a new trial, and if the action of the court in permitting the substitution is erroneous, then there is no question presented by the appellant.

It is not contended that anything more was done at the March term than to prepare a written motion and file it with the clerk, and the finding of the court goes no farther. The question presented is whether writing out and filing a motion for a new trial is making an application for a new trial within the meaning of the statute.

Section 561, R. S. 1881, provides that " The application for a new trial may be made at any time during the term at which the verdict or decision is rendered, and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned."

Section 562 provides that " The application must be by motion, upon written cause filed at the time of making the motion."

An application for a new trial is made to the court, and it must be made during term time. The statute expressly provides that the application shall be by motion, and a motion is an application to a court. See " Motion," Bouvier's Law Dictionary and Rapalje and Lawrence Law Dictionary.

In the drainage act of 1883 it is provided that the owners of lands affected by the work may remonstrate against the report of the drainage commissioners, and it is held in the case of *Gilbert* v. *Hall,* 115 Ind. 549, that filing a remonstrance in the clerk's office within ten days, without having presented the remonstrance to the court, where there was ample opportunity to do so, was not remonstrating against the report of the commissioners within the meaning of the statute.

If it be true that it be necessary to present a remonstrance to the court within the time allowed, it seems to us it must certainly be necessary to present a motion for a new trial to the court.

In the case of *Gilbert* v. *Hall, supra,* the court says : " Ten days are allowed by the statute within which to remonstrate against the report, not to file a remonstrance with the clerk. The report of the commissioners, like the verdict of a jury, is made or returned to the court, and a remonstrance, like a motion for a new trial, or for a continuance, or any other similar motion, must be made to the court."

The statute declares it shall be by motion upon written cause filed at the time of making the motion, clearly contemplating that the motion shall be made or presented to the court, and, also, that the cause or reason for the motion shall be reduced to writing and filed at the same time of making the motion, the motion to be entered by the court and the written reasons filed by the clerk.

In this case there was no motion made for a new trial within the time fixed by the statute, and the court erred in allowing the motion filed with the clerk to be substituted. There is no question presented on the motion for a new trial.

Judgment affirmed, with costs.

Filed Nov. 25, 1889.