Filed April 12, 1890.

No. 13,602.

BINGHAM, ADMINISTRATOR, *v.* STAGE.

PLEADING.—*Definite Theory.*—*Must Proceed Upon.*—*Demurrer.*—When it appears by the prayer, and whole tenor of a pleading, that it was founded on a definite theory, and it is insufficient on that theory, it will be held bad on demurrer, though the facts averred may be sufficient on a different theory. Isolated and detached allegations in a pleading which are not essential to support its main theory are to be disregarded.

SAME.—*Promissory Notes.*—*Gift Inter Vivos.*—*Answer Alleging.*—*Insufficiency of.*—*Necessity of Delivery.*—*Husband and Wife.*—*Decedent's Estate.*—In a suit by an administrator on certain promissory notes and to foreclose the mortgage securing the same, an answer which alleges that the mortgagee had died leaving an estate, real and personal, worth less than $500; that the widow had paid the funeral expenses, and the expenses of the last sickness; that just before his death the decedent, not being indebted to any one, gave the notes in suit to his wife for her support, and that the defendant had paid the notes sued upon, in good faith, to the widow, she surrendering the same to the defendant and executing a release of the mortgage, is bad, because the answer, construed as a whole, proceeds on the theory that the husband, in his lifetime, passed the ownership of the notes and mortgage to his wife, by a gift *inter vivos*, and no delivery of the notes by the husband to the wife is shown in the pleading.

SAME.—*Promissory Notes.*— *Valid Gift Inter Vivos.*—*Answer.*—*Must Show Delivery.*—*Endorsement not Necessary.*—An answer averring a gift *inter vivos*, of certain promissory notes, must show that there was a delivery, or surrender, of the possession of the notes by the donor to the donee, other-

wise there would not be a valid gift.   It is not necessary to a valid gift of a promissory note that it be endorsed, but the possession must be parted with.

JURY.—*Advisory Answers of.—How Court May Treat.—Motion to Strike Out.* —Where the court announces that it will take the advice of a jury as to certain facts involved in the issues, and a jury is empanelled and returns answers to certain interrogatories propounded by the court, such answers are merely advisory, and the court may regard or reject them at its pleasure.   There is no available error in overruling a motion to strike out the answers of the jury to such questions.

SPECIAL FINDING.—*Request by One Party For.—Refusal to Give.—Opposing Party Can Not Complain.*—Where one of the parties to an action requests the court to make a special finding, the opposing party can not predicate error upon the refusal of the court to do so.

From the Lagrange Circuit Court.

*J. B. Wade* and *C. Holden,* for appellant.

*O. L. Ballou* and *R. P. Barr,* for appellee.

BERKSHIRE, J.—This is an action upon two promissory notes and to foreclose a mortgage.   The complaint, in substance, is that on the 28th day of June, 1858, one William Donot executed to the decedent, Joseph Donot, the mortgage sued upon, to secure the payment of a number of promissory notes executed by the said William to the said Joseph, and among others the two notes in suit; that on the 1st day of October, 1880, the said Joseph died, still being the holder and owner of said notes and mortgage; that on the 12th day of March, 1867, the said William sold and conveyed the real estate to the appellee, who, as a part of the purchase-money, assumed and agreed to pay the said notes; that after the death of the said Joseph the appellee wrongfully obtained possession of the said notes and mortgage, and mutilated the same by tearing off the name of the payor; that said notes are still due to the estate of the decedent, and wholly unpaid.

After filing a demurrer to the complaint, which was overruled, the appellee filed an answer in three paragraphs.   The first paragraph is a general denial, the second a plea of pay-

ment, and the third may be termed a special plea of payment. It is, in substance, as follows: That on the 1st day of October, 1880, the said Joseph Donot, the payee of said notes and mortgage, died, leaving a widow, Maria Donot, and several children; that at the time of his death, he left property, real and personal, worth less than $500, the amount allowed by law to his widow; that she paid his funeral expenses and the expense of his last sickness; that just before his death, the said decedent not being indebted to any one, gave the notes in suit to his said wife for her support; that after the death of the said Joseph, and when the first one of said notes became due, the said widow having them and the said mortgage in her possession, asked the appellee to pay both of said notes, and he, acting in good faith, and believing that she was the owner of the same, and entitled to receive payment, paid the amount due thereon to the said widow, and she surrendered the same to the appellee, and she at the same time executed a release of said mortgage.

To the third paragraph of answer the appellant filed a demurrer, which was overruled by the court, and he saved an exception.

The appellant filed a reply in two paragraphs, the first being the general denial. To the second paragraph the appellee filed a demurrer, which the court sustained, and the appellant then filed a third paragraph of reply, to which the appellee filed a demurrer, which was by the court overruled, but in view of the conclusion to which we have arrived as to the sufficiency of the answer we need not notice further the paragraphs of reply.

The court then announced on its own motion that it would take the advice of a jury as to certain facts involved in the issues, and would therefore require that the jury to be empanelled answer the following interrogatories:

*First.* Whether a gift of the notes sued on was made by the decedent in his lifetime to his wife Maria Donot?

*Second.* If so, whether the decedent was at the time a person of sound mind?

*Third.* What was the value of the decedent's estate at the time of his death? The amount of his indebtedness? And how much, if any, of said indebtedness did his widow afterwards pay?

At this point the appelleee requested the court in writing to make a special finding, after which a jury was empanelled to answer the said interrogatories, and returned answers as follows:

" We, the jury, find that the notes sued upon were given by the decedent, Joseph Donot, to his wife.

" We further find that at the time it is claimed by the defendant that said notes were given to the wife of the decedent, Joseph Donot, he was of sound mind, and was competent to do business.

" We further find that said Joseph Donot died seized of property amounting in value to the sum of seventy dollars.

" We further find that the funeral expenses and debts of the estate of said Joseph Donot amounted to thirty-six dollars, and that said funeral expenses and debts were afterwards paid by Lewis Airgood, and before the appellant was appointed administrator."

The appellant then moved the court to set aside the answers of the jury, which motion was overruled by the court, and he saved an exception, and the court then made a general finding for the appellee, and rendered judgment in accordance with its general finding.

Some eighteen or twenty days after the judgment had been rendered, but during the same term of court, the appellant moved the court for a new trial, which motion was overruled, and he reserved an exception.

Several errors are assigned in this court, but all of them relate to questions which can only be presented to this court by motions filed in the court below for a new trial, except the first and last—that the court erred in overruling the de-

murrer to the third paragraph of answer; that the court erred in overruling the motion for a new trial.

There are a number of reasons assigned in the motion for a new trial, two of which are not properly reasons for a new trial, but should have been assigned as error in this court; these are the first and second.

We need not set out the several reasons for a new trial that are properly assigned, but will notice the questions presented so far as we deem it necessary so to do in their proper order.

In our opinion the third paragraph of the answer is bad. An answer, like a complaint, must proceed upon some single definite theory, which must be determined from the general character and scope of the pleading. *First Nat'l Bank, etc.,* v. *Root,* 107 Ind. 224.

When it appears by the prayer and whole tenor of a pleading that it was formed on a definite theory, and it is insufficient on that theory, it will be held bad on demurrer, though the facts averred may be sufficient on a different theory. *Cottrell* v. *Ætna L. Ins. Co.,* 97 Ind. 311.

Isolated and detached allegations in a pleading which are not essential to support its main theory should be disregarded. *Cottrell* v. *Ætna L. Ins. Co., supra.*

"The object of pleading is to present, in a distinct and definite form, questions of fact for trial, and this object can not be accomplished unless parties are required to state positively the facts upon which they rely, and in accordance with a distinct, definite and controlling theory. If ambiguous pleadings are tolerated, no issue can be framed which will present in an intelligible form questions for trial, and perplexity and confusion will necessarily result." *Western Union Tel. Co.* v. *Reed,* 96 Ind. 195. And further on in the opinion it is said: "Of course, causes of action may be stated in different paragraphs, but in such cases each paragraph must be complete in itself." See *Peters* v. *Guthrie,* 119 Ind. 44; *Wagner* v. *Winter,* 122 Ind. 57.

It is true, as we have seen, that the said third paragraph of answer alleges that when the decedent died his estate was not worth $500, the amount allowed to the widow, and that she had paid his funeral expenses and the expenses of his last sickness.

Had these facts been pleaded in an answer, the scope and theory of which would have been that the estate of the decedent being worth less than $500, and the widow having paid all claims to which the estate would be subject in her hands, she was entitled to the whole estate, and, therefore, entitled to the said promissory notes, and to receive payment thereof, we would have a different question before us. But we must regard the theory of the answer to be, that the notes belonged to the widow because of the fact that her husband had in his lifetime passed the ownership thereof to her by a gift *inter vivos.*

The facts relating to the gift seem to us to be the overshadowing facts pleaded in the answer, and what is alleged with reference to the amount and value of the estate, etc., we regard as isolated and detached allegations, which are not essential to the scope and theory of the answer.

We do not think that this paragraph of answer alleges such facts as constitute a gift *inter vivos.*

The facts alleged do not show a delivery of the notes by the decedent, the donor, to his wife, the donee.

So far as we can ascertain from the answer there was no delivery or surrender of the possession of the notes by the donor to the donee. All that is alleged may be true, and the testator have continued in possession of the notes, and to exercise dominion over them to the day of his death. This being true, there was no valid gift. See *Smith* v *Dorsey*, 38 Ind. 451, and *Smith* v. *Ferguson*, 90 Ind. 229, and authorities cited.

We do not think, as is contended by the appellant, that it is necessary to a valid gift of a promissory note that it be endorsed ; there may be a valid assignment or transfer of a

chose in action without endorsement. This is familiar law, and does not require a citation of authorities.

There was no available error in the overruling of the motion of the appellant to strike out the answers of the jury to the questions submitted to them. These answers were advisory merely, and the court might regard or reject them at its pleasure.

The general finding of the court covered the whole ground, and was the finding alone upon which the judgment of the court must stand or fall.

The court committed no error in refusing to make a special finding that was available to the appellant. The appellant at no time requested the court to make a special finding, and can not predicate error upon the request of his adversary.

The point is made by the appellee that the evidence is not in the record. As it does not become necessary to consider and pass upon that question we do not do so, but must say that we are somewhat surprised that counsel for the appellant, and especially after their attention was called to the condition of the record by the brief of counsel for the appellee, did not ask for a *certiorari*.

Because of the error of the court in overruling the demurrer to the third paragraph of answer the judgment must be reversed.

Judgment reversed, with costs.

Filed Feb. 25, 1890; petition for a rehearing overruled April 12, 1890.