## KELLOGG *v.* RIDGELY ET AL.

[No. 19,930.   Filed June 18, 1903.]

WILLS.—*Complaint to Establish Lost Will.*—A complaint to establish a lost will, which fails to charge specifically that the will was in existence at the time of the death of testatrix, or that it had been destroyed in her lifetime without her consent, or otherwise fraudulently disposed of, is insufficient on demurrer.

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Action by Asa T. Ridgely and others against Henry C. Kellogg and others. From a judgment in favor of plaintiffs, defendant Kellogg appeals. *Reversed.*

*G. D. Parks* and *H. M. Snideman,* for appellant.
*A. W. Caldwell, J. L. Caldwell* and *S. P. Baird,* for appellees.

GILLETT, J.—This action was instituted by appellees against appellant and a number of other defendants to establish and probate a will alleged to have been lost. A several demurrer to the complaint was overruled, and an exception duly reserved. On issue of fact joined, there was a trial by the court that resulted in a finding and judgment for appellees.

It is claimed by appellant's counsel that the complaint is insufficient, in that it does not show that the will was in existence at the time of the death of the testatrix, or that it had been destroyed in her lifetime without her consent,

or that it had been otherwise fraudulently disposed of. The allegations of said complaint on which appellees rely to meet this objection are as follows: "The plaintiffs further allege and say that on or about — day of October, 1884, the said Lydia E. Pierce, then in life, and of sound mind and memory, made and published her last will and testament; that said last will and testament was subscribed by the said Lydia E. Pierce in the presénce of two competent witnesses, and that said witnesses signed and attested said last will and testament at the request of said Lydia E. Pierce, in her presence and in the presence of each other; that said last will and testament was unrevoked at the death of said Lydia E. Pierce; and that the same remained and was at her death, and still is, her last will and testament." Section 2779 Burns 1901 provides: "No will of any testator shall be allowed to be proven and established as lost or destroyed, unless the same shall be proven to have been in existence at the time of the death of the testator; or be shown to have been destroyed in the lifetime of the testator without his consent, or otherwise fraudulently disposed of; nor unless the provisions shall be clearly proven by two witnesses, or by a correct copy and the testimony of one witness." The complaint does not state facts showing that the will was destroyed in the lifetime of the testatrix, without her consent, or that it was fraudulently disposed of. It is evident that it was the purpose of the pleader, in drawing said complaint, to manifest the existence of the will at the time of the death of the testatrix by charging, after alleging its due execution, that it was unrevoked at her death.

Was it the legislative purpose, in the enactment of the statute quoted, to permit a merely unrevoked will, that had been lost or destroyed in the lifetime of the testator, to be proved, on the theory that, because unrevoked, it still exists as an imperceptible register of the purposes of the testator? We do not think so. There is no natural right to direct the transmission of property by will. The Gen-

eral Assembly has sought to anticipate the average desire as to the disposition of worldly estate after death by the enactment of the canons of descent, and if those provisions do not accord with the desire of the owner of property, he may, at least to a large extent, vary the disposition of it by will. But public policy, as evidenced by reason and legislative enactment, requires that his special intent, being drawn in question when he can no longer speak, should be clearly manifested. We can not, therefore, regard this negative statute as remedial in its character, and therefore to be liberally construed to promote the supposed intent of testators. With the exception of nuncupative wills, which are permitted in a limited class of cases, all wills must be in writing; and the requirement that a lost or destroyed will shall be proved to have had a physical existence at the time of the death of the testator, except where destroyed in his lifetime without his consent, or otherwise fraudulently disposed of, is in line with the requirement as to a writing, since such requirement amounts to a provision that there must be shown to have been a writing at the last moment when his care could have guarded the expression of his intent, thus avoiding the many doubtful questions that arose before the statute as to the effect of evidence in lost will cases, owing to the fact that during life the will of a testator is ambulatory.

Under a statute of New York which is practically the same as the one under consideration, except that it contains no provision for the establishing of wills destroyed in the lifetime of the testator without his consent, it was held in *Harris* v. *Harris*, 36 Barb. 88, that the loss or destruction of the will must occur after the death of the testator, unless it was fraudulently destroyed in his lifetime. In a comparatively recent case that arose under the New York statute, it was said by the court of appeals: "The fact in issue was whether the instruments in question were physically in existence at the time of the death of the testatrix,

and, if not, whether they had been fraudulently destroyed during her life." *In re Kennedy's Will,* 167 N. Y. 163, 60 N. E. 442.

Construing our statute as we think that it must be construed, it is evident that the complaint is insufficient. The record presents further questions, but as we can not anticipate to what extent they may arise upon another trial, we do not deem it profitable to go beyond the threshold question.

Judgment reversed as to appellant, with a direction to the court below to sustain his demurrer to the complaint.