## GFROERER ET AL. *v.* GFROERER ET AL.

[No. 21,585.   Filed February 2, 1910.]

1. PLEADING. — *Complaint.*— *Wills.*— *Destruction of.*— *Motions to Make More Specific.*—A complaint alleging that decedent executed a will, and that it was destroyed without her consent, during her lifetime, is sufficient to show a destruction of such will during decedent's lifetime, a motion to make more specific being the remedy for indefiniteness.  p. 426.

2. PLEADING.—*Complaint.*—*Wills.*—*Recitals.*—The statement, "said destruction of said will never having come to the knowledge of said testatrix," in a complaint to establish a destroyed will, is a recital and must be disregarded.  p. 426.

3. PLEADING.—*Complaint.*—*Wills.*—*Beneficiaries.*—A complaint alleging that the testator devised and bequeathed all her property to the plaintiffs, share and share alike, sufficiently identifies the beneficiaries and shows their right to maintain an action.  p. 426.

4. APPEAL.— *Bills of Exceptions.*— *Filing of.*— Bills of exception may be filed with the clerk, or in open court.  p. 427.

5. APPEAL.—*Bills of Exception.*—*Filing in Open Court.*—An order-book entry reciting: "Comes now the defendant and presents an amended bill of exceptions, which is signed by the court and ordered filed and made a part of the record in this cause, which bill of exceptions is in the words and figures, to wit," shows that the bill was filed in open court, and that it was properly signed by the judge.  p. 427.

6. APPEAL.— *Bill of Exceptions.*— *Filing.*— *Transcript.*— Where the transcript sets out an entry showing the presentation of a bill of exceptions in open court and an approval thereof by the judge and an order that it be filed, and such entry in the transcript is followed by the words, "which bill of exceptions is in the words and figures following, to wit," it sufficiently appears that such bill was filed by the clerk.  p. 427.

7. TRIAL.—*"Filing" Papers.*—A paper is "filed" when delivered to the clerk for filing, or when presented in open court, and the purpose thereof announced. *Indianapolis. etc., R. Co.* v. *Ragan,* 171 Ind. 569, distinguished.  p. 428.

8. APPEAL.—*Striking Out Evidence.*—*Exceptions.*—The sustaining of a motion to strike out testimony cannot be considered, on appeal, where no objection thereto was made and no exception taken.  p. 428.

9. WILLS.—*Destruction of.*—*Evidence.*—Evidence that testator executed her will, leaving it with the scrivener, that it was care-

fully put away, but could not be found at testator's death, sustains a finding that it had been destroyed in testator's lifetime. p. 429.

From Vigo Circuit Court; *James E. Piety,* Judge.

Action by Anna L. Gfroerer and others against Peter Gfroerer and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Peter Maier,* for appellants.

*James B. Mullikin, Harry S. Wallace* and *Linus A. Evans,* for appellees.

HADLEY, C. J.—Action by appellees to establish and probate a will in their favor, alleged to have been executed by Katharine Gfroerer in the year 1906. The complaint is in one paragraph, to which appellants' demurrer, for insufficiency of facts, was overruled.

In substance, it was alleged that Katharine Gfroerer died on October 5, 1906, a resident of Vigo county, leaving an estate in said county, real and personal, to be administered; that an administrator was appointed; that in September, 1894, decedent duly executed her last will in the presence of David W. Henry and George M. Crane, and by them, at her request, attested as subscribing witnesses; that the testatrix never revoked said will; "that, during the lifetime of said testatrix, her last will, so executed as aforesaid, was destroyed without her consent, and without the consent of these plaintiffs, said destruction of said will never having come to the knowledge of said testatrix;" that, "by the terms of said will, the testatrix devised and bequeathed all of her property, real and personal, to the plaintiffs, share and share alike." Other formal averments are made.

It is urged that the complaint is insufficient, because (1) it fails to state when, where, how and by whom the will was destroyed, and (2) the last clause, before quoted, stated a mere conclusion, and not a fact.

With respect to the first, the statute pertinent to the case

reads as follows: "No will of any testator shall be allowed to be proven and established as lost or destroyed, unless the same shall be proven to have been in existence at the time of the death of the testator; or be shown to have been destroyed in the lifetime of the testator without his consent, or otherwise fraudulently disposed of." §3167 Burns 1908, §2609 R. S. 1881. It will be observed that the averment of the complaint as first quoted is clearly within the letter of the statute; and, as against a demurrer for want of facts, we think it is sufficient without stating the time or the place of destruction, or when, how or by whom it was destroyed. *Kellogg* v. *Ridgely* (1903), 161 Ind. 110; *Kaster* v. *Kaster* (1876), 52 Ind. 532.

If the defendants had at the time of forming the issues felt the need of more definite information, as now claimed, they might doubtless have obtained it by motion, on a proper showing. The statement, "said destruction of said will never having come to the knowledge of said testatrix," amounts to nothing as an averment of fact, and might have been stricken out without affecting the strength of the complaint.

The second objection to the complaint is without merit. As a means of identifying the beneficiaries of the alleged will, and as exhibiting the plaintiffs' right to bring the action, it was sufficient.

The other specifications of error are predicated upon the motion for a new trial, and question the striking out of the testimony of a witness and the sufficiency of the evidence to sustain the finding.

Appellees insist that these questions are not presented, because there is no affirmative showing that the alleged bill of exceptions containing the evidence was ever filed as a document in the cause, and cannot, therefore, be treated as a part of the record.

It appears from the transcript that appellant was given ninety days in which to prepare and file a bill of exceptions.

The next entry, and on the same page of the transcript, reads thus: "Comes now the defendant and presents an amended bill of exceptions, which is signed by the court, and ordered filed and made a part of the record in this cause, which bill of exceptions is in the words and figures, to wit:" Then follows what purports to be a complete copy of the evidence, at the conclusion of which appears a certificate of the trial judge, in full accord with the entry just quoted, and which shows that the original bill had been timely presented.

It will be noted that there are two ways by which a bill of exceptions containing the evidence may be properly filed—namely by filing with the clerk, and in open court.

The order-book entry given records what was done in open court, and by it we are, in effect, informed that the defendant came into open court and presented to the court, for approval, his amended bill of exceptions as a part of his case, and which bill was by the court approved, signed, and ordered filed, and made a part of the record. This shows that the defendant did all he could, under one of the ways pointed out by statute, to place a true bill of exceptions on file as a part of his cause. He prepared and presented such a bill to the court, in open court, and was apprised by the court that the same was approved, signed, and ordered to be made part of the record. Under such an order it was the duty of the clerk to place the bill on file as a paper in the cause, without any further step from the defendant; and that the clerk did so file it may be inferred from his recorded statement, that the bill set forth in the transcript, immediately after the words "which bill of exceptions is in the words and figures following, to wit," is the same bill that the court approved, signed and ordered made part of the record. This we think, sufficiently shows a filing in open court.

A paper is filed when delivered to the proper officer and

by him received to be kept on file. *Hull* v. *Louth* (1887), 109 Ind. 315, 336, 58 Am. Rep. 405; *Oats* v. *State* (1899),

7.   153 Ind. 436; *Meek* v. *State, ex rel.* (1909), 172 Ind. 654.  So it may be said that a paper is filed in open court when it is presented in open court, the purpose of filing announced, and the same is received by the court as a part of the permanent files of the cause.

The ruling in the case of *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, is distinguishable in this: That the statutes governing the filing of instructions and that relating to the filing of a bill of exceptions, differ.

Relating to instructions, §558 Burns 1908, subd. 6, §533 R. S. 1881, provides that "all instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record."  The act of 1903 (Acts 1903, p. 338, §1, §544a Burns 1905), in force at the time of the trial of *Indianapolis, etc., R. Co.* v. *Ragan, supra,* also provided that "all instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury."

Relating to the use of original bills of exceptions on appeal, §657 Burns 1908, Acts 1897, p. 244, provides that original bills containing the evidence may be made a part of the record where "it shall appear from the record that such bill was presented to the proper judge of the trial court for settlement and signature within the time permitted by law and that allowed by the court, and that the same was signed by the judge and filed with the clerk of said trial court or in open court."

Appellants complain of the court's action in sustaining appellee's motion to strike out all the testimony of two witnesses as irrelevant.  We cannot consider the merits

8.   of the motion, because, as appears from the record, there was neither objection made to the motion nor exception reserved to the ruling.

It is also insisted that the finding of the court was not sustained by sufficient evidence, and was contrary to law.

The evidence shows without contradiction that the 9. will was duly executed, that it was left by the testatrix in the custody of David W. Henry, the scrivener, and by him put away among the papers of his office, to preserve; that the testatrix never called upon Henry for the will, nor did any one else on her behalf, nor did she express to him, or to any one else, to his knowledge, any dissatisfaction over the manner in which she had disposed of her property; that testatrix told other witnesses that she had made her will, and left it with Mr. Henry to keep for her. Mr. Henry further testified that he carefully put the will away, and had never parted with the custody, with his knowledge or consent, but, after diligent search everywhere the same would probably be, he failed to find it, and the same was lost or had been stolen from his possession. There is no evidence in the record to the contrary, and we think it sufficiently sustained the finding, and is not contrary to law.

Judgment affirmed.