## THE NOBLESVILLE BUSINESS MEN'S ASSOCIATION *v.* THE CAPITAL FURNITURE MANUFACTURING COMPANY.

[No. 9,105. Filed December 16, 1914.]

1. APPEAL.—*Assignment of Errors.—Questions Presented.*—The assignment that the court erred in sustainng a motion to withdraw a request for special finding of facts and conclusions of law, presents no question for review on appeal, since the matter assigned can only be presented through the medium of a motion for new trial. p. 370.

2. APPEAL.—*Presenting Questions for Review.—Ruling on Motion. —Failure to Object.*—The action of the trial court in sustaining a motion to withdraw a request for a special finding of the facts can not be made available as error, where the record does not

show that there was any objection to such withdrawal, or that there was any request for a special finding. p. 370.

3. APPEAL.—*Assignment of Errors.—Waiver.*—No question is presented on alleged error in overruling a motion for new trial, where the record does not contain the motion. p. 370.

From Hamilton Circuit Court, *James M. Purvis*, Special Judge.

Action between The Noblesville Business Men's Association and The Capital Furniture Manufacturing Company. From a judgment for the latter, the former appeals. *Appeal dismissed.*

*Christian & Christian*, for appellant
*Kane & Kane*, for appellee.

HOTTEL, C. J.—This appeal is based on the following "assignment of errors" in this court: "The appellant says there is manifest error in the judgment and proceedings in the cause, in the following: (1) The court erred in sustaining appellee's motion for permission to withdraw the request for special finding of facts and conclusions of law thereon. (2) The court erred in overruling appellant's motion for a new trial."

The appellee has filed a motion to dismiss this appeal on the following grounds: "(1) For failure on the part of the appellant to comply with Rule No. 3 in the preparation of its transcript in this: * * * (2) Appellant in the preparation of its brief has not complied with Rule 22 of this court in this: * * * (3) Because no questions for the consideration of this court upon appeal have been or are presented in the record." The first two grounds of the motion are each followed by a specification of the particulars in which the respective rules relied on therein have not been followed, but our disposition of the third ground of the motion renders unnecessary a consideration of the questions presented by such specifications.

The substance of appellee's reasons for the third ground

of its motion is, (1) that no question is presented by the first assigned error, because it is a proper ground for a new trial, and hence not proper as an independent assignment of error; (2) that no question is presented by the second assigned error for the reason that the record does not contain the motion and reasons for new trial. Appellee is correct in its contention that the first assigned error is ground for new trial and hence, as an independent assignment of error in this court, presents no question. Subds. 1, 8, §585 Burns 1914, §559 R. S. 1881, and authorities there cited; *Tilden* v. *Whitely, etc., Casting Co.* (1901), 27 Ind. App. 53, 60 N. E. 963; *Martin* v. *Motsinger* (1892), 130 Ind. 555, 30 N. E. 523; *Davis* v. *Bryant* (1913), 52 Ind. App. 343, 344, 100 N. E. 1062, and cases cited; *Stumph* v. *Miller* (1895), 142 Ind. 442, 443, 447, 41 N. E. 812; *Bingham* v. *Stage* (1890), 123 Ind. 281, bottom page 284 in connection with page 287, 23 N. E. 756. We might add in this connection that even if appellant's first assigned error were good (which we are not to be understood as impliedly holding), no available error would be presented thereby because the record fails to disclose that appellant made any objections to appellee's withdrawal of its request for a special finding of facts, or that it made any request for such a finding at any time, either before such trial began, or at any time thereafter. *Tevis* v. *Hammersmith* (1908), 170 Ind. 286, 289, 84 N. E. 337, and authorities cited; *Delaney* v. *Gubbins* (1914), 181 Ind. 188, 104 N. E. 13, and cases cited.

Appellee is also correct in its contention that the transcript of the record in this case does not contain the motion and reasons for a new trial. It follows that no question is presented by the second assigned error. *Shover* v. *Jones* (1869), 32 Ind. 141; *Whaley* v. *Gleason* (1872), 40 Ind. 405; *Secor* v. *Souder* (1884), 95 Ind. 95; *Emison* v. *Shepard* (1889), 121 Ind. 184, 22 N. E. 883; *LaFollette* v. *Higgins* (1887), 109 Ind. 241, 9 N. E. 780;

*Harris* v. *Boone* (1879), 69 Ind. 300; §588 Burns 1914, §562 R. S. 1881.

The record in this case as it comes to us presents no question for our determination and the appeal is therefore dismissed.

NOTE.—Reported in 107 N. E. 85. See, also, under (1) 29 Cyc. 755; (2) 3 Cyc. 172; (3) 3 Cyc. 176.