## THE INTERMEDIATE LIFE ASSURANCE COMPANY
### *v.* CUNNINGHAM.

[No. 9,029.   Filed March 2, 1915.   Rehearing denied May 14, 1915.
Transfer denied June 22, 1915.]

1.   NEW TRIAL.—*Motion.*—*Filing.*—*Review.*—Where, pending an ad-
journed term of court, at which a verdict was rendered for plain-
tiff, the defendant filed a motion for new trial with the clerk who
made a vacation entry of such filing, and there was nothing to
show that the motion was presented to the trial court within
thirty days from the time the cause was tried and judgment ren-
dered, the court did not err in sustaining a motion to strike same
from the files and to expunge such vacation entry of its filing.
pp. 328, 329.

2.   NEW TRIAL.— *Motion.*— *Filing.*— *Statutes.*— Under §587 Burns
1914, Acts 1913 p. 848, relating to the time for filing a motion for
new trial, the mere filing of the motion in the clerk's office is not
sufficient, but the motion must be called to the court's attention,
and, if the court has adjourned, the motion should be called to the
court's attention within a reasonable time, depending upon the
circumstances of each case.   p. 329.

From Porter Circuit Court; *A. D. Bartholomew,* Judge.

Action by Olive Cunningham against The Intermediate Life Assurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George K. Denton, Bomberger & Curtis* and *Starr & Peters,* for appellant.

*Wm. J. Whinery* and *John D. Kennedy;* for appellee.

SHEA, J.—A motion to dismiss this appeal has been duly presented. The cause was tried at an adjourned term of the April, 1913, term of the Porter Circuit Court, which began on July 8, 1913. The trial of this cause began on July 14, 1913, and was concluded on July 15, at which time the jury returned a verdict for appellee, upon which verdict the court, on July 15, entered final judgment in favor of appellee. The April term as shown by the record adjourned August 14, 1913, thereafter. On August 11, 1913, less than thirty days after verdict had been returned and judgment entered, and while said adjourned term was still in session, appellant filed in the clerk's office of the Porter Circuit Court a motion for a new trial of said cause.

The clerk of said court entered a vacation order showing that appellant on August 11, 1913, had filed in the clerk's office of said court its motion for a new trial, and on March 6, 1914, being the ninth judicial day of the February, 1914, term of said court, appellee filed its written motion in said Porter Circuit Court in this cause, reading as follows: "Comes now the plaintiff in the above entitled cause and respectfully moves the court to strike from the files a paper purporting to be a motion for a new trial on behalf of the defendant in this case, which paper purports to have been filed in the clerk's office of this court on the 11th day of August, 1913, and also for a further order expunging from the vacation order book of this court the vacation order book entry showing the filing of said pretended motion for a new trial in the clerk's office, on said 11th day of August, 1913, and in support of said motion would respectfully show the

court that this cause was tried in this court before the judge thereof and a jury on the 15th day of July, 1913, at an adjourned term of this court, which said term begun on the 7th day of July, 1913; that the jury in said cause returned a verdict for the plaintiff in said cause, and judgment was entered in this cause on the verdict of the jury returned as aforesaid on the 15th day of July, 1913. That said verdict was rendered and said judgment entered in said cause at the regular term of this court. That said term of this court continued for a period of more than thirty days after said verdict and judgment were rendered in said cause before it adjourned. That said term of this court did not adjourn until the 14th day of August, 1913. That said pretended motion for a new trial was filed by said defendant in the clerk's office of this court on the 11th day of August, 1913, less than thirty days after said verdict and judgment were given and rendered in this cause, but while the term of this court at which said verdict and judgment were rendered was still in session, and before the term of said court at which said verdict and judgment were rendered had adjourned. Wherefore, plaintiff prays that said pretended motion for a new trial be stricken from the files, and that said entry of the filing of said pretended motion for a new trial in the vacation order book of this court be expunged from the record, and for all other proper and further orders in the premises.'' Afterward, on April 27, 1914, said motion was by the court sustained. The ruling of the court on said motion is the only error assigned.

It has been repeatedly held that a motion for a new trial must be filed and presented to the court, and filing the same with the clerk will not be sufficient. *Emison* v. *Shepard* (1889), 121 Ind. 184, 22 N. E. 883; *Levey* v. *Bigelow* (1893), 6 Ind. App. 677, 34 N. E. 128; *Wm. Deering & Co.* v. *Armstrong* (1898), 18 Ind. App. 687, 48 N. E. 1045; *Owen* v. *Harriott* (1911), 47 Ind. App. 359, 94 N. E. 591. Acts 1913 p. 848, §587 Burns 1914, reads as fol-

Intermediate Life, etc., Co. *v.* Cunningham—59 Ind. App..326.

lows: ''The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered: *Provided,* That if the term of court at which the verdict or decision is rendered is adjourned before the expiration of thirty (30) days from the time when the verdict or decision is rendered, then the motion for a new trial may be filed in the clerk's office of said court within thirty (30) days from the time of the rendition of such verdict or decision, and not afterwards.''

.If the term of court at which the verdict was rendered is still in session, the motion for a new trial must be called to the court's attention within the thirty days, else ''the

2. application for a new trial'' will not be complete under the terms of this statute. The mere filing in the clerk's office is not sufficient. If the court has adjourned, the motion may be filed in the clerk's office, but should be called to the court's attention within a reasonable time, depending upon the circumstances of each case.

There has been a failure to comply with this rule because the record discloses the fact, as heretofore shown, that the court was in session at the time said motion was filed

1. in the clerk's office, and the record nowhere discloses that said motion for a new trial was presented to the trial court within thirty days from the time said cause was tried and judgment rendered. The record presents no error.

The judgment is therefore affirmed.

NOTE.—Reported in 108 N. E. 17. See, also, under (1, 2) 29 Cyc. 958.