IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1916, AND NOVEMBER TERM, 1916, IN THE ONE HUNDREDTH AND ONE HUNDRED AND FIRST YEARS OF THE STATE.

---

## AMERICAN CAR FOUNDRY COMPANY *v*. WILLIAMS.

[No. 9,172. Filed June 21, 1916. Rehearing denied October 6, 1916.]

1. APPEAL.—*Waiver of Error.—Briefs.—Failure to Set Out Proposition in Points and Authorities.*—Alleged error is waived on appeal by failure to set out the proposition in appellant's brief under the points and authorities. p. 4.

2. MASTER AND SERVANT.—*Employers' Liability Act.—Constitutionality.*—The Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) is constitutional. p. 4.

3. MASTER AND SERVANT.—*Injuries to Servant.—Action under Statute.—Complaint.—Sufficiency.*—Where the complaint in an employe's action for personal injury alleged facts to show that the defendant was a corporation employing more than five men; that at the time of the injury plaintiff was acting in the line of his employment and was, in obedience to his foreman's order, to which order he was bound to conform, about to remove certain timbers from a building to another part of defendant's yard, when he was struck by a timber which was pushed out of a window by other of defendant's employes across an alley through which plaintiff was required to pass in carrying out the foreman's order, and that at the time such order was given the foreman knew that timbers were being frequently shoved across the alley, so that it was dangerous to pass through the same, such complaint states a cause of action within the provisions of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020 *et seq.* Burns 1914). p. 4.

4. APPEAL. — *Review.* — *Errors Assignable on Review.* — *When Waived.—Statute.—*Under §344 Burns 1914, Acts 1911 p. 415, providing that where a demurrer to a complaint is filed for want of facts, a memorandum shall be filed therewith stating wherein such pleading is insufficient and that defects not questioned in such memorandum shall be deemed waived, and under §348 Burns 1914, Acts 1911 p. 415, providing that when objection is not taken by answer or demurrer to any of the matters enumerated as grounds for demurrer, except joinder of causes, which do not appear on the face of the complaint, such objection shall be deemed waived, an assignment of error that "the complaint * * * does not state facts sufficient to constitute a cause of action against appellant" presents no question for review on appeal. p. 5.

5. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.*—In an employe's action for personal injuries under a complaint stating a cause of action within the provisions of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) answers to interrogatories supporting the averments of the complaint are not in irreconcilable conflict with a general verdict for plaintiff, even though such answers tend to establish plaintiff's assumption of risk and contributory negligence while obeying his superior's command, since the Employers' Liability Act eliminates the defenses of contributory negligence where the injury complained of resulted from the employe's obedience to his superior's command, and that the inherent dangers of the employment contributed to the injury. p. 5.

6. MASTER AND SERVANT.—*Employers' Liability Act.—Contributory Negligence of Servant.—Compliance with Command.*—In an employe's action for personal injuries, the foreman's order to plaintiff to carry timbers from defendant's building to the yard, obedience to such order necessitating plaintiff's passing through an alley where he was injured, was a sufficiently specific direction to bring the case within the purview of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020 *et seq.* Burns 1914), abolishing the defense of contributory negligence where the injury complained of results from the employe's obedience to the command of a superior. p. 6.

From Marion Superior Court (91,916); *Charles J. Orbison,* Judge.

Action by Thomas H. Williams against the American Car Foundry Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. H. H. Miller, C. C. Shirley, S. D. Miller* and *W. H. Thompson,* for appellant.

*Wymond J. Beckett* and *William F. Elliott,* for appellee.

FELT, J.—Appellee recovered a judgment for $2,000 against appellant for injuries alleged to have been received by him while in its employ.

The complaint shows that appellant is a corporation and, at the time of appellee's injury, was engaged in the business of repairing cars, in which business it employed more than five men; that appellee was employed as a laborer in and about its plant to move material from one place to another as he was directed by the foreman, to whose orders he was bound to conform; that on the day in question appellant's foreman ordered him to move certain timbers from a building to another part of appellant's yard, and in order to reach such building appellee walked through an alley between two of appellant's buildings; that such was the usual, customary and only way to reach said building, which facts appellant's foreman well knew; that on one side of such alley and near thereto appellant maintained a machine for shaping and sawing material for use in said plant; that its servants, when using the machine, would run boards with great force endwise out of a window into and across the alley, which fact made it dangerous for any one to pass the machine while in operation; that the machine was in operation when the foreman ordered appellee to move the lumber and to pass said machine, which fact was known to the foreman; that the foreman also knew at the time that other servants were shoving boards with great force endwise through said window and across the alley, and that it would be dangerous to any one to walk through the alley, but he negligently failed to notify appellee that said machine was in operation and that appellant's servants were in the course of their work, at frequent intervals, shoving boards endwise out of said window; that appellee obeyed said order to pass through said alley and, while passing the window above

described, was struck by one of the boards so thrown out of it and was injured.

Appellant demurred to the complaint, and the demurrer was overruled. The complaint was answered by a general denial, and the case was tried by a jury. With their general verdict, the jury returned answers to interrogatories. Appellant moved for judgment on such answers and for a new trial, and each of said motions was overruled.

The errors assigned and relied on for reversal are: The overruling of the demurrer to the second paragraph of complaint; that "the second paragraph of complaint * * * does not state facts sufficient to constitute a cause of action against appellant"; error in overruling appellant's motion for judgment on the answers to interrogatories and in overruling appellant's motion for a new trial.

Appellant's objections to the sufficiency of the complaint, as stated in the memorandum accompanying the demurrer, are that the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) is unconstitutional, and that, such being the case, the complaint is bad for certain alleged reasons. This case was appealed to the Supreme Court, and was by that court transferred to this court for want of jurisdiction. Furthermore, the question of

1. the constitutionality of the act is waived by failure to mention the same under points and authorities in the briefs. However, the act has been held constitutional by our Supreme Court. *Vandalia R. Co.*

2. v. *Stillwell* (1913), 181 Ind. 267, 104 N. E. 289; *Nordyke-Marmon Co.* v. *Hilborg* (1916), 62 Ind. App. 196, 110 N. E. 684.

The complaint is drawn under the provisions of the Employers' Liability Act, *supra.* Under this act as construed by numerous decisions, the complaint is not bad for

3. any of the alleged reasons, and is sufficient to state a cause of action. *Vandalia R. Co.* v. *Stillwell, supra; Nordyke-Marmon Co.* v. *Hilborg, supra; Chicago,*

*etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 588, 110 N. E. 680; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 110 N. E. 215; *Vandalia Coal Co.* v. *Alsopp* (1915), 61 Ind. App. 649, 109 N. E. 421; *Kokomo Brass Works* v. *Doran* (1915), 59 Ind. App. 583, 105 N. E. 167.

4. The second assignment of error presents no question. §§344, 348 Burns 1908; Acts 1911 p. 415. *Indiana Life Endow. Co.* v. *Carnithan* (1915), 62 Ind. App. 567, 109 N. E. 851.

Under the third assignment of error, it is claimed that the answers to the interrogatories show conclusively that appellant was guilty of no negligence, and that appellee 5. was guilty of negligence which proximately contributed to his injury; that for these reasons the answers are in irreconcilable conflict with the general verdict, and the court erred in overruling appellant's motion for judgment on such answers.

The answers support the averments of the complaint. They do not overcome or contradict the facts that appellee was in the employment of appellant and that he was injured while obeying an order of the foreman, to whose orders he was bound to conform; that he was at the time acting in the line of his employment and in obedience to an order to take certain timbers from a building to another part of appellant's yard, when he was struck by a timber which was pushed out of a window and across an alley by other employes of appellant, through which alley he was required to pass in carrying out said order of the foreman.

The act of 1911, *supra*, provides that, in actions of this kind brought against an employer of five or more persons, "it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured employe was engaged, contributed to such injury." The statute also eliminates the defense of contributory negligence "where the injury complained of resulted from such employe's obedience or conformity to any order or direction

of the employer or of any employe to whose orders or direc-
tions he was under obligation to conform or obey.'' *Van-
dalia R. Co.* v. *Stillwell, supra; Vandalia Coal Co.* v. *Alsopp,
supra.* The order of the foreman was sufficiently spe-
6. cific to bring the case within the purview of the
statute. *Vivian Collieries Co.* v. *Cahall* (1915), 184
Ind. 473, 110 N. E. 672, 678.

The court, therefore, did not err in overruling the motion
for judgment on the answers of the jury to the inter-
rogatories. The instructions given were as favorable to
appellant as the law of the case will warrant. Those re-
fused, in so far as they state the law correctly, were covered
by those given.

In the light of the statute under which the action was
brought, the verdict of the jury is sustained by the evidence,
and is not contrary to law. We find no reversible error.
Judgment affirmed.

NOTE.—Reported in 113 N. E. 252. Workmen's compensation acts,
constitutionality, Ann. Cas. 1912B 174; Ann. Cas. 1915A 247, 1916B
1286.