## RILEY ET AL. *v.* FIRST TRUST COMPANY, ADMINISTRATOR.

### [No. 9,609.   Filed November 13, 1917.]

1.  APPEAL.—*Review.—Assignment of Errors.—Insufficiency of Complaint.—Statute.*—Since the enactment of §348 Burns 1914, Acts 1911 p. 415, the sufficiency of a complaint for want of facts cannot be assailed for the first time by assignment of error on appeal.  p. 578.

2.  APPEAL.—*Review.—Striking Out Motion for New Trial.*— Where defendants filed their application for a new trial with the clerk within thirty days from the date of judgment, but the record does not disclose that the trial court was in vacation at such time, so that the application could properly be filed with the clerk under the provisions of §587 Burns 1914, Acts 1913 p. 848, and it appears from §1461 Burns 1914, Acts 1913 p. 62, relating to the terms of the several circuit courts, that the application was filed on a date when the trial court might have been in regular session, the court on appeal cannot say that the trial court erred in sustaining plaintiff's motion to strike out the application for a new trial because not filed in open court, such motion containing a statement, which was uncontroverted by defendants, that the trial court was in session on the date the application was filed.  pp. 579, 580.

3.  EVIDENCE.—*Judicial Notice.—Sessions of Court.—Records.*— In passing on a motion to strike out an application for new trial, because not filed in open court, the trial court was required to take judicial knowledge of its terms, the dates when in session, and of its own records, regardless of the affidavits of the parties, and was bound by such knowledge.  p. 580.

4.  APPEAL.—*Review.—Ruling on Motion to Modify Judgment.— Failure to Save Exception.*—An assignment of error predicated on the action of the trial court in sustaining plaintiff's motion to amend and modify the judgment presents no question for

review, where the record fails to set out the motion, and does not show that any objections were made, or exceptions taken, to the court's ruling on such motion.  p. 580.

5. APPEAL.—*Waiver of Error.*—*Briefs.*—Assigned error not presented in appellant's brief is deemed waived.  p. 581.

From Porter Circuit Court; *H. H. Loring*, Judge.

Action by the First Trust Company, administrator, against Jennie Riley and others.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Walter J. Fabing*, for appellants.
*D. E. Kelly* and *Daly & Freund*, for appellee.

BATMAN, J.—This action was brought by appellee to recover certain moneys, which it alleged belonged to it, as administrator of the estate of Joseph Crowe.  The complaint was in a single paragraph and was answered by a general denial.  Trial by the court and judgment in favor of appellee.

Appellants' assignment of errors in this court alleges: (1) The insufficiency of the complaint to constitute a cause of action against appellants or either of them. (2) Error in sustaining appellee's motion to strike out, and in striking out appellants' separate and several motion for a new trial.  (3) Error in sustaining appellee's motion to amend and modify the judgment.

Since the amendment of §348 Burns 1908 (Acts 1911 p. 415), there has been no authority for assailing a complaint for want of facts for the first time by assignment of error in this court.  It follows that no reversible error is presented by the first assigned error.  *Robinson* v. *State* (1911), 177 Ind. 263, 97 N. E. 929; *Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 104 N. E. 878; *Indiana Life Endowment Co.* v. *Carnithan* (1916), 62 Ind. App. 567, 109 N. E. 851; *American Car, etc., Co.* v. *Williams* (1916), 63 Ind. App. 1, 113 N. E. 252.

Appellants predicate error on the action of the court in sustaining appellee's motion to strike out, and in striking out their motion for a new trial. It appears from the record that judgment was rendered in this cause on November 13, 1914, and that appellants filed their motion for a new trial in the office of the clerk of the Porter Circuit Court on December 10, 1914. Appellee filed its verified motion to strike appellants' said motion from the files on the ground that the court in which said cause was tried was in session at the time such motion for a new trial was filed, and that the same was not filed in open court. The filing of such motion has been recognized by this court as a proper procedure. *Intermediate Life, etc., Co.* v. *Cunningham* (1915), 59 Ind. App. 326, 108 N. E. 17. Appellants filed an affidavit of their attorney in opposition to appellee's said motion, in which it is alleged, as an excuse for not filing their motion for a new trial in open court, that the term of court at which the decision and finding was announced in the cause had adjourned prior to thirty days after the rendition of such decision, and prior to December 10, 1914. Since the taking effect of §587 Burns 1914, Acts 1913 p. 848, motions for a new trial, to be effective, must be filed within thirty days from the time when the verdict or decision is rendered. Under former sections, governing applications for a new trial, it was held that a motion for a new trial must be filed and presented to the court, and that filing the same with the clerk was not sufficient. *Emison* v. *Shepard* (1889), 121 Ind. 184, 22 N. E. 883; *Levey* v. *Bigelow* (1893), 6 Ind. App. 677, 34 N. E. 128; *William Deering & Co.* v. *Armstrong* (1897), 18 Ind. App. 687, 48 N. E. 1045; *Owen* v. *Harriott* (1910), 47 Ind. App. 359, 94 N. E. 591. The present section, however, recognizes that the thirty-day period for filing such motion may expire at a time when the trial court

is not in session, and hence contains a provision for filing the same in the office of the clerk. A recent construction of this section limits the time when such motion may be so filed to the vacation period of such court. *Allen* v. *Powell* (1917), *post* 601, 115 N. E. 96. The record in this case does not disclose that the trial court was in vacation at the time of filing such motion for a new trial. The verified motion to strike the same from the files states that the trial court was in session at such time. The showing made by appellants does not deny such fact, but only asserts that the term of court at which the decision was rendered had adjourned prior to such time. Section 1461 Burns 1914 (Acts 1913 p. 62) shows that the date on which such motion was filed was at a time when such court might have been in regular session. The trial court in passing on such motion was required to take judicial

3. knowledge of its terms, the dates when in session, and of its own records, regardless of the affidavits of the parties, and is bound by such

2. knowledge. In so doing such court may have found that it was in session when said motion for a new trial was filed, and, if so, its action in striking the same from the files was authorized. Under the well-established rule that on appeal all presumptions are to be indulged in favor of the rulings of the trial court, and that the burden is on the appealing party to show error prejudicial to him, we cannot say that the court erred in striking appellants' motion for a new trial from the files. *Eastman* v. *Smith* (1914), 56 Ind. App. 621, 105 N. E. 64; *Lake Erie, etc., R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 103 N. E. 127.

Appellants have failed to present any question for our determination by their assignment of error with reference to the action of the court in sustaining

4. appellee's motion to amend and modify the judg-

ment. The record fails to set out the motion, and fails to show that any objections were made to the ruling thereon, or that any exceptions were taken to the action of the court in sustaining the same. An exception to the action of the trial court must be shown by the record in order to have the same reviewed on appeal. *Houk* v. *Citizens' Nat. Bank* (1912), 51 Ind. App. 628, 99 N. E. 437; *M. S. Huey Co.* v. *Johnston* (1904), 164 Ind. 489, 73 N. E. 996.

Appellants have also failed to present any such alleged error in their brief, and must therefore be held to have waived the same. *Hamilton* v. *Hanneman* (1897), 20 Ind. App. 16, 50 N. E. 43; *Heltonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58, 36 N. E. 529; *Guy* v. *Blue* (1896), 146 Ind. 629, 45 N. E. 1052. Judgment affirmed.

NOTE.—Reported in 117 N. E. 675.