STATE EX REL. MECHANICS' & TRADERS' INSURANCE COMPANY *v.* BUENTE, JUDGE.

[No. 15,642. Filed April 27, 1936. Rehearing denied July 2, 1936. Petition to transfer dismissed October 5, 1936.*]

*Craig & Craig,* for appellant.

*La Follette & Little* and *Meyer, Fine & Bomberger,* for appellee.

---

* For opinion of the Supreme Court on dismissal of petition to transfer, see same title, 210 Ind. 432.

KIME, P. J.—Flora Belle C. Mini, as plaintiff, began a certain suit in the Superior Court of Vanderburgh County, Indiana, against the Merchanics' and Traders' Insurance Company, as defendant. Thereafter said cause was tried by a jury who returned a verdict against the defendant on April 11, 1934, on which day such verdict was filed by the clerk of the court. On April 16, 1934, on motion of plaintiff, judgment was rendered on said verdict. On May 10, 1934, which day relator thought was the last day for filing a motion for new trial in the above cause the relator herein, Mechanics' & Traders' Insurance Company, through its attorneys, learned of the serious illness of the son of respondent and that respondent would be at the hospital with his son most of the day and said relator, through its attorney, notified the respondent, as judge of the court, while he was performing his duties as such judge that said attorneys desired to file relator's motion for a new trial in said cause in that court during that day and relator's attorneys presented to the respondent, as judge, an entry which reads as follows: "Comes now the defendant, Mechanics' & Traders' Insurance Company of New Orleans, Louisiana, by Craig and Mitchell, its attorneys, and files its motion for a new trial in this cause. Oral argument is requested," which the record shows was approved by the judge and entered of record in the order book of said court.

The evidence does not disclose that at the time said entry was made that such motion was in writing and presented to the judge.

The evidence does show that the judge upon accepting the above entry told relator's attorneys that they had until 5:00 o'clock P. M. that day to file their motion About 4:30 o'clock P. M. of that day a motion for new trial, the reasons therefor, and one affidavit were complete and were in form for filing, but one affidavit had not yet been obtained and in order to comply with the court's request that such motion be filed by 5:00

o'clock P. M. relator's attorneys brought said motion for new trial, the reasons therefor and one affidavit to the clerk's office about 4:50 o'clock P. M. and had one of the deputy clerks place a file mark on the back thereof. That one of the relator's attorneys then took what he said was the motion for new trial up to the court room, it being his idea to place it in the filing cabinet with the rest of the papers in the cause, but when he got to the court room he found the filing cabinet, where these papers were kept, locked; that he then took the papers back to his office with him and before returning them the next morning, being May 11, attached another affidavit and took what he said was the motion to the court room and left it on top of the filing cabinet in the court room.

On May 17, 1934, the plaintiff in the said cause filed a verified motion to vacate the order of May 10, 1934, and strike from the files the said motion for a new trial. On June 20, 1934, the court heard evidence in support of said motion to strike and argument of counsel thereon and on September 12, 1934, entered an order striking from the files and vacating and setting aside the entry of May 10, 1934, which showed the filing of relator's motion for a new trial for the reason that the same had never been filed and that the same was never presented as required by law to the respondent here as judge of the above court.

The relator filed the petition herein for a writ of mandamus alleging that it desired to perfect an appeal to this court and that this court had jurisdiction to pass upon said appeal. That before such appeal could be perfected it was necessary that the respondent as judge of the trial court be mandated to restore to the records of the trial court in that cause a motion for a new trial that the respondent had ordered stricken from the records therein and that the respondent be further man-

dated to rule on said motion, when reinstated, either sustaining or overruling it.

Upon this petition this court granted a temporary writ of mandate and directed the respondent to show cause why this writ should not be made permanent. Respondent then filed a return and presented questions of law appearing on the face of relator's complaint. Relator demurred to respondent's return and also filed a motion to strike the return of the respondent for the reason that such pleading was in fact a demurrer to the relator's complaint and the alternative writ issued thereon, and that it was filed at the same time as respondent's affirmative answer to the complaint and alternative writ, and before a ruling was made on the demurrer. The relator then filed affidavits and authorities and respondent filed a reply brief.

Section 2-2404, Burns 1933, being §627, Baldwin's 1934, and Acts of 1881 (Spec. Sess.), ch. 38, §423, p. 240, in reference to applications for new trials, says, "The application must be by motion, upon written cause filed at the time of making the motion. . . ." A motion for a new trial can not be made orally. It must be in writing or will not be noticed. *Wheeler* v. *Barr* (1892), 6 Ind. App. 530, 33 N. E. 975, and cases there cited. *La Follette* v. *Higgins* (1886), 109 Ind. 241, 9 N. E. 780. See also *Emison, Trustee* v. *Shepard, Admr.* (1889), 121 Ind. 184, 185, 22 N. E. 883, which says, "An application for a new trial is made to the court . . . The statute expressly provides that the application shall be by motion, and a motion is an application to the court . . . The statute declares it shall be by motion upon *written cause filed at the time of making the motion, clearly contemplating that the motion shall be made or presented to the court, and, also, that the cause or reason for the motion shall be reduced to writing and filed at the same time of making the motion, the motion to be entered by the court and*

*the written reasons filed by the clerk."* (Our italics.)

Under the facts in this case since an application for a new trial by motion upon written cause was not presented to the court within thirty days from the rendition of the verdict the statute above quoted has not been complied with. *The Intermediate Life Assurance Co.* v. *Cunningham* (1915), 59 Ind. App. 326, 108 N. E. 17.

A proper filing of an application for a new trial can be said to have been made only when such motion and the written causes therefor have been presented to the court, the purpose of its filing announced, and a reception of such application or motion by the court as a part of the permanent files of that cause. *Gfroerer* v. *Gfroerer* (1909), 173 Ind. 424, 90 N. E. 757. In the case at bar there is no evidence to the effect that the motion was ever presented to the respondent as judge, therefore, for that reason alone, the alleged motion for new trial was not "filed" within the meaning of that term as defined by law.

The court has the right to correct his records so that they speak the truth, consequently, when, upon evidence heard in the court below, on the motion to strike from the records the entry in reference to the filing of the alleged motion for new trial, the court found, as a matter of fact, that his records were incorrect, in that the alleged motion for new trial was not filed in the manner provided by statute, he was justified in striking the incorrect entry from his records so that such records may speak the truth.

This court issued the temporary writ herein on the allegations of the petition therefor, however, since we have determined that the alleged motion for new trial was not filed as required by law a permanent writ is therefore denied and the temporary writ hereinbefore issued is dissolved.

Curtis, C. J., and Bridwell, J., concur in result.

Wood, J., dissents.